**J. Albert WARFORD and Joanne Stevens, Appellants,**

v.

**James CHILDERS, Sonny Arnold and Sue Warford, Appellees.**

**No. 07–81–0124–CV.**

Court of Appeals of Texas, Amarillo.

Oct. 22, 1982.

Goodsill, Anderson & Quinn, Honolulu, Hawaii, Nelson & Nelson, Jack O. Nelson, Jr., Lubbock, for appellants.

John T. Montford, Crim. Dist. Atty., Yvonne M. Faulks, Asst. Crim. Dist. Atty., Lubbock, for appellees.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This is an appeal from an order denying a Rule 215a motion [1] to require a deponent to answer certain questions. We affirm.

---

1. Tex.R.Civ.Pro. 215a, as pertinent here, states: (a) Refusal to Answer. If a party or other deponent refuses to answer any question propounded upon written or oral examination, or refuses to comply with a subpoena duces tecum after proper service thereof, the examination shall be completed on other matters. Thereafter, on reasonable notice to all persons affected thereby, either party may apply to the court in which the action is pending or to the district court in the district where the deposition is taken for an order compelling an answer, or for an order directing compliance with such subpoena duces tecum, or for an order requiring the remainder of the deposition to be taken before the judge of such court * * *.

All references hereafter to Rule 215a are to the above rule.

The case before this court is ancillary to a suit pending in another jurisdiction. Appellants J. Albert Warford and JoAnne Stevens are plaintiffs in a civil suit in the State of Hawaii against Sonny Arnold, Sue Warford and various other persons. In the Hawaii suit, Mr. Warford and Mrs. Stevens seek over eleven million dollars in damages and other relief from the various defendants because of the murder of Mr. Warford's son, Paul Roger Warford, and Mrs. Steven's son, David Blue. During discovery proceedings in the Hawaii case, the Hawaii trial court issued a commission to take the deposition of appellee James Childers, a Lubbock, Texas, police officer. Pursuant to the commission, and in accordance with Tex.Rev.Civ.Stat.Ann. art. 3769a (Vernon Supp.1981),[2] Officer Childers was deposed in Lubbock, but refused to identify a confidential informant who had given him information about a double murder in Hawaii and also about a proposal by Sonny Arnold.

When Officer Childers refused to identify his informant, Mr. Warford and Mrs. Stevens filed a Rule 215a motion in the 140th District Court of Lubbock County, Texas to compel disclosure.[3] After a hearing, the trial court refused to compel Officer Childers to name the informant. Mr. Warford and Mrs. Stevens then appealed to this court from the order denying discovery, which they attack by five points of error.

Before reaching the merits we must determine, on our own motion, whether we have jurisdiction to hear this matter as an appeal from the trial court. *Gibbs v. Melton,* 354 S.W.2d 426, 428 (Tex.Civ.App.—Dallas 1962, no writ); *Blair v. Blair,* 408 S.W.2d 257, 258 (Tex.Civ.App.—Dallas 1966, no writ). Examination of our jurisdiction is prompted by the unusual nature of the proceeding and the absence of any statutory or case law specifically addressing the jurisdictional question.

Our jurisdiction to entertain an appeal in a civil case extends to all civil cases within the limits of our district "of which the District Courts and County Courts have or assume jurisdiction when the amount in controversy or the judgment rendered shall exceed One Hundred Dollars ($100) exclusive of interest and costs; . . .". Tex.Const. art. V, § 6; Tex.Rev.Civ.Stat. Ann. art. 1819 (Vernon Supp.1981). However, unless a statute or rule provides otherwise, *See, e.g.,* Tex.Rev.Civ.Stat.Ann. art. 2008 (Vernon 1964), only a final judgment of a trial court is appealable to this court. We have no jurisdiction to review an interlocutory ruling presented to us by the appeal process prior to entry of a final judgment. *Parks v. Huffington,* 616 S.W.2d 641, 644–45 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.); *Mendoza v. Baker,* 319 S.W.2d 147, 148 (Tex.Civ.App.— Houston 1958, no writ). A ruling on pretrial discovery questions has generally been classified as an interlocutory matter and has traditionally been resolved in the appellate courts by mandamus, if the trial court orders discovery, or by appeal after final judgment, if the trial court denies discovery. *Pope v. Ferguson,* 445 S.W.2d 950 (Tex.1969) *cert. den.* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970); Sales, *Pre-Trial Discovery in Texas,* 31 Sw.L.J. 1017, 1032–33 (1967).[4] Thus, if the order before

---

**2.** Tex.Rev.Civ.Stat.Ann. art. 3769a (Vernon Supp.1981) states:

> Whenever any mandate, writ or commission is issued out of any court of record in any other state, territory, district or foreign jurisdiction, and it is required to take the testimony of a witness or witnesses in this state, either on written interrogatories or by oral deposition, the witness may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purpose of taking testimony in proceedings pending in this State.

All references hereafter to art. 3769a are to the above statute.

**3.** Because art. 3769a, *supra,* requires the witness to appear and testify "in the same manner and by the same process and proceeding as may be employed" in cases pending in Texas, the out-of-state litigants can seek relief under Rule 215a.

**4.** Recent Supreme Court decisions indicate that mandamus is also available when the trial court *denies* discovery. *Allen v. Humphreys,* 559 S.W.2d 798, 801 (Tex.1977); *Barker v. Dunham,* 551 S.W.2d 41, 42 (Tex.1977). Those

us had been entered in a suit pending in a Texas trial court, we could review it by an appeal from that court only after the trial court had entered a final judgment in the primary suit. We have concluded, however, that the general rule applicable to an intrastate case does not apply to a case grounded on art. 3769a.

The ultimate question is whether a trial court's order resolving a dispute growing out of discovery proceeding conducted under the art. 3769a umbrella can be classified as a final, rather than an interlocutory, judgment. Although Texas courts have encountered considerable difficulty in defining a final judgment, *North East Independent School District v. Aldridge,* 400 S.W.2d 893 (Tex.1966), it is generally agreed that a judgment is final if it settles all disputed material issues between the parties that require the exercise of judicial discretion. 4 McDonald, Texas Civil Practice, § 17.03.1 (Rev. ed. 1981), pp. 35–36. Also, generally, a judgment is interlocutory if it leaves something further to be determined and adjudicated by the court in order to dispose of the parties and their rights. 4 McDonald, *supra,* at p. 37.

In this case, the only issue in the Texas trial court was the one that is now before us. When the trial court rendered its order, it disposed of every aspect of the case before it and settled all issues raised by the parties. To hold that such an order is interlocutory and non-appealable would forever foreclose review by the orderly process of appeal and would relegate the parties to an extraordinary proceeding. Obviously, the order cannot be reviewed by this court as part of an appeal from a final judgment

of the Hawaii court and cannot be reviewed by the Hawaii appellate court under any circumstances. Thus, although the order may have an interlocutory relationship with the Hawaii suit, we conclude that it is a final judgment on all issues in controversy in Texas and that we have jurisdiction to review it by appeal.

Having decided we have jurisdiction, we must now resolve the case on the merits. Mr. Warford and Mrs. Stevens, by five points of error, challenge the evidentiary support for the findings and the legal soundness of the conclusions filed in support of the trial court's order denying them the name of Officer Childers' informant. The thrust of their collective argument of the points is that they conclusively established their entitlement to the name of the informant under the law.

The applicable legal principles are clear and well settled. In numerous criminal cases, the Court of Criminal Appeals has held that law enforcement agencies are not required to reveal the name of a confidential informant unless the informant (1) participated in the offense, (2) was present at the time of the offense or arrest or (3) was otherwise shown to be a material witness to either the transaction or the defendant's knowing commission of the act charged. *See, e.g., Rodriguez v. State,* 614 S.W.2d 448, 449 (Tex.Cr.App.1981). *Accord: Roviaro v. U.S.,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The same principles, though not as specifically articulated, have been applied in a civil case. *Matter of Bates,* 555 S.W.2d 420, 430 (Tex.1977). It is apparent that the general rule is a recognition of the fact that most informants relay

cases were criticized in the cited law review article as follows:

> The use of the mandamus remedy when discovery has been denied ostensibly contravenes the limitation articulated in *Pope v. Ferguson,* [445 S.W.2d 950 (Tex.1969) *cert. den.* 397 U.S. 997 [90 S.Ct. 1138, 25 L.Ed.2d 405] (1970)] that mandamus may not be utilized to correct interlocutory trial court rulings in which the right of appeal exists.... The basis for the mandamus relief ... was the fact that relator was afforded no relief by appeal because once the privileged informa-

> tion was produced and made public, it could not be retrieved. This simply is not applicable to a denial of discovery since appeal constitutes an effective and available remedy. This distinction was either overlooked or was impliedly repudiated by the supreme court in *Barker* and *Allen.*
>
> If *Barker* and *Humphreys* represent a liberalization of the mandamus remedy, the supreme court may well anticipate a veritable siege of mandamus actions....

Sales, *Pre-Trial Discovery in Texas,* 31 Sw.L.J., 1017, 1033 (1967).

rumor, gossip and street talk of no evidentiary value and the exceptions are designed for the rare case where the informant can give eyewitness testimony about the alleged crime or arrest. In the latter case, the right to a fair trial becomes more important than the protection of the informant.

The trial court concluded that there was no evidence to establish any of the recognized exceptions and, after reviewing the virtually undisputed evidence, we agree.[5] Although there is a considerable amount of second and third hand hearsay testimony from various other persons, only that part of Officer Childers' testimony quoted below is directly pertinent to the questions before this court:

Q. Okay. Now, what all did he have to say other than something about drugs?

A. Okay. He told me that he had heard there had been a double murder in Hawaii. There was—I think his exact words were something to this effect, there was a big shot's son and assistant and girl friend were shot. Okay. The son and the assistant were killed. The girl friend was seriously wounded.

Q. Did you say assistant?

A. That's what I said, yes, sir.

Q. Okay.

A. He said then that they had caught the guy that did it, someway he escaped while en route to court or something of that nature. He said Sonny Arnold told him he would pay him. I don't remember the dollar amount, he would pay him if he would go to Hawaii to an attorney, pick up a black suitcase. Didn't know what was in it, and bring it back to Lubbock.

Q. What else did he tell you?

A. I think he also said something about the man. The one we're—the—I'm referring to the guy that was killed, his father. I think he said something about his wife was in Lubbock, and that's all I remember he said about it, he said, "I wanted"—and he said, "I wanted to tell somebody about this," referring to a law enforcement agency.

\* \* \* \* \* \*

A. I don't remember anything specific other than what he had told me.

Q. Which was what?

A. Which was there had been a double murder in Hawaii of a man and his assistant and his girl friend or a girl, I will put it that way, I don't remember if it was his girl friend or not, had been shot, the man and the assistant were killed, the girl was seriously injured, his father was a big shot and Sonny Arnold had asked my informant to go to Hawaii for a certain sum of money, which I do not remember, pick up a suitcase from an attorney and bring it back to Lubbock.

There is nothing in the foregoing testimony to establish any of the exceptions that would require the officer to reveal the name of the informant. If we assume the informant was talking about the murders that are the basis of the Hawaii civil suit, his statement that he "heard" about them indicates that he was not present or a participant in them or in any way a material witness to them. His statement concerning the black suitcase, although based on direct contact with Arnold, likewise fails to establish the informant's status as a material witness to the crimes. The substance of the officer's testimony was that his informant heard about a double murder in Hawaii and was asked by one of the defendants in a Hawaii civil case involving a double murder to retrieve a black suitcase from an attorney in Hawaii. The relationship between the two events was not established, the informant was not shown to be an eyewitness to any element of the crimes and none of the other evidence in the record supports any of the recognized exceptions to non-disclosure. Thus, the trial court correctly concluded that the officer did not have to reveal the name of his informant. It follows that all of appellants' grounds of error must be overruled.

5. The parties filed various documents and excerpts from depositions with the trial court and, by tacit agreement, have treated those matters as evidence properly before the trial court and this court.

The judgment of the trial court is affirmed.