**Steven R. STOUGH, Marietta Upton, and Jake Upton, Appellants,**

v.

**Jerry COLE, Appellee.**

No. 04–86–00429–CV.

Court of Appeals of Texas, San Antonio.

Nov. 17, 1986.

Steven R. Stough, San Antonio, for appellants.

J. Scott Bardole, Austin, for appellee.

Before CADENA, C.J., and REEVES and DIAL, JJ.

CADENA, Chief Justice.

On September 3, 1986, this Court ordered appellant, Steven R. Stough, to show cause why his appeal in *Cole v. Stough,* cause no. 86–CI–08703, should not be dismissed as an interlocutory appeal. Cole is the plaintiff in *Cole v. Fregia,* cause no. 390,428 pending in Travis County. Cole sought to depose Jack and Marietta Upton, who were represented by their attorney Steven Stough. The Uptons failed to appear at the time and place set for the deposition, and Cole filed a motion for sanctions against Marietta Upton, Jack Upton and Steven Stough in Bexar County as provided in TEX.R.CIV.P. 215.

After notice and a hearing, Cole's motion for sanctions was granted. Marietta Up-

ton, Jake Upton, and Steven Stough were ordered to pay Cole's attorney's fees for the missed deposition and court costs incurred as a result of the motion for sanctions. The order granting sanctions is appealed to this court. The issue before us is whether this appeal must be dismissed because the order appealed is not final, since the sanctions entered by the trial court were for the purpose of enforcing discovery in a case that is still pending.

In *Warford v. Childers*, 642 S.W.2d 63 (Tex.Civ.App.—Amarillo 1982, no writ), the Amarillo Court of Appeals held that it had jurisdiction to decide an appeal from a judgment in a suit brought to enforce discovery efforts stemming from a separate lawsuit in Hawaii. Although the Amarillo Court held that jurisdiction was proper because the pending case was in another state, there is no reason to apply a different rule to two Texas cases where all other facts are essentially identical. The order of the Bexar County Court disposes of all parties and issues before that court and is a final judgment.

We hold that appellant has shown good cause why this appeal should not be dismissed.