ENVIRO PROTECTION, INC., Appellant,

v.

THE NATIONAL BANK OF ANDREWS
and Russell Shannon, Appellees.

No. 08–98–00170–CV.

Court of Appeals of Texas,
El Paso.

April 1, 1999.

Robert Wayne Negley, Todd, Barron & Thomason, P.C., Odessa, for appellant.

Dan Sullivan, Andrews, for appellees.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## *O P I N I O N*

SUSAN LARSEN, Justice.

Enviro Protection, Inc. appeals the trial court's protective order regarding certain records subpoenaed from The National Bank of Andrews, urging that the trial court erred because: (1) the Bank waived objections to the production of the requested documents; and (2) the documents were discoverable. We affirm.

### *JURISDICTION*

First we must determine whether we have jurisdiction to decide the merits of this appeal. On February 1, 1999, this court gave notice of our intent to dismiss if no party could show grounds why this appeal was not a premature appeal of an interlocutory order. In response, Appellant, Enviro Protection Inc., has cited us to *Stough v. Cole.*[1] There, the San Antonio Court of Appeals held that an order granting sanctions for failure to appear for deposition was a final judgment for purposes of appeal, even where the sanctions were for the purpose of enforcing discovery in a case still pending.[2] As the sanctions order disposed of all parties and issues

---

1. 720 S.W.2d 675, 676 (Tex.App.—San Antonio 1986, no writ); *see also Warford v. Childers,* 642 S.W.2d 63, 65–66 (Tex.App.—Amarillo 1982, no writ).

2. *Stough,* 720 S.W.2d at 676.

before the court, it was appealable.[3] That is precisely the situation presented to us in this appeal. We therefore conclude that we possess jurisdiction over the "order on motion for protective order" complained of here, and proceed to the merits.

### FACTS

On December 2, 1997, Enviro Protection, Inc., as part of discovery in *Enviro Protection, Inc. v. Taser Enterprises, L.L.C., et. al*, sent a notice of its intent to depose Russell Shannon, the president of The National Bank of Andrews, on December 17, 1997. The notice included a subpoena duces tecum. At the deposition, Russell Shannon and the Bank voluntarily produced many documents, but also withheld a number of the requested documents. On January 5, 1998, The National Bank of Andrews and Russell Shannon filed a motion for protective order, which it amended before hearing.

On February 2, 1998, the trial court held a hearing on the motion for protective order; the judge entered a protective order on February 16, 1998, which included an award of attorney's fees for $1,050 and research, copying, and reproducing expenses of $325. The trial court also issued findings of fact and conclusions of law. This appeal follows.

Enviro's first point of error contends that the trial court abused its discretion because all appellees' grounds for preventing disclosure were waived. In its second point of error, Enviro asserts that the documents were discoverable and should have been produced.

### Enviro properly raised waiver in the trial court

██ First, we must address the Bank's claims that Enviro waived its waiver defense by not complying with the pleading require-

ments of Texas Rule of Civil Procedure 94. We think that Enviro's response to motion for protective order was adequate to raise the issues before us, as it stated that "the BANK and SHANNON's objections and claims are not sufficient, proper, or timely." This statement was adequate to apprise the appellees of the waiver issues pertinent to this case.[4] After a de novo review of the trial court's conclusion of law on this issue,[5] therefore, we find that the trial court incorrectly determined that "All of Defendant's 'waiver' defenses were waived for failure to affirmatively plead such defense prior to the time of trial on February 16, 1998." We may, then, address whether the Bank waived its defenses to Enviro's subpoena.

### Enviro's subpoena never became legally effective

██ Enviro maintains that the Bank waived the protections of Section 30.007 of the Texas Civil Practice and Remedies Code by not objecting prior to withholding the documents. Section 30.007 governs the production of financial institution records.[6] This specific provision governs over other more general rules of civil procedure.[7] It provides:

A financial institution shall produce a record in response to a record request *only if:*
(1) it is served with the record request not later than the 24th day before the date that compliance with the record request is required;
(2) before the financial institution complies with the record request the requesting party pays the financial institution's reasonable costs of complying with the record request, including costs of reproduction, postage, research, delivery, and attorney's fees, or posts a cost bond in an amount estimated by the financial institution to cover those costs.[8]

---

3. *Id.*

4. TEX.R. CIV. P. 45(b).

5. *Hays County Appraisal Dist. v. Southwest Texas State Univ.*, 973 S.W.2d 419, 421 (Tex.App.—Austin 1998, no pet. h.) (Rule 53.7(f) motion filed).

6. TEX. CIV. PRAC. & REM.CODE ANN. § 30.007 (Vernon 1997).

7. TEX. GOV'T CODE ANN. § 311.026 (Vernon 1998).

8. TEX. CIV. PRAC. & REM.CODE ANN. § 30.007(c) (Vernon 1997) (emphasis added).

The subpoena issued by Enviro did not give the required 24 days notice; it was therefore invalid because it was not issued according to the timetable set out in the Civil Practice and Remedies Code.[9] The statute clearly states that a financial institution need only produce records which are subpoenaed more than 24 days prior to the date designated for production. Moreover, it is undisputed that Enviro has not paid the Bank its costs as contemplated by the Code.[10] The Bank was therefore never under an obligation to produce anything; that it produced some documents voluntarily did not waive objections to a subpoena which never possessed the authority of law.[11]

### Abuse of Discretion

■ We review the trial court's decision to grant or deny a protective order under an abuse of discretion standard.[12] In this case, the trial court stated in its conclusions of law that it granted the protective order because the appellant had not complied with Section 30.007 of the Texas Civil Practice and Remedies Code. Because compliance with Section 30.007 of the Texas Civil Practice and Remedies Code was a valid reason for granting the protective order, we find the trial court's order had reference to guiding principles, and did not constitute an abuse of discretion. Enviro's points of error are overruled.

### CONCLUSION

We affirm.

---

9. *See Reader's Digest Ass'n, Inc. v. Dauphinot,* 794 S.W.2d 608, 610 (Tex.App.—Fort Worth 1990, orig. proceeding).

10. At oral argument, counsel for Enviro acknowledged that no payment for costs has yet been made.

11. *Dauphinot,* 794 S.W.2d at 610.

12. *General Tire, Inc. v. Kepple,* 970 S.W.2d 520, 526 (Tex.1998).