PER CURIAM.
The respondents in this cause initiated a rule challenge proceeding against the Florida Fish and Wildlife Conservation Commission (Commission). During the course of proceedings before the Division of Administrative Hearings, a dispute arose over which party was responsible for the cost of *238 a transcript and the manner in which the cost of the transcript was to be calculated. An Administrative Law Judge (ALJ) resolved the dispute in favor of the respondents and the Commission timely appealed that order to this court. In response to an order of this court regarding jurisdiction, the Commission conceded that the order is not final, but requested leave to proceed in accordance with section 120.68(1),. Florida Statutes, which authorizes interlocutory review “if review of the final agency decision would not provide an adequate remedy.”
Subsequently, it came to this court’s attention that the ALJ had entered a final order and the Commission was directed to show cause why the case should not be treated as a premature appeal from that final order. The Commission responds, informing this court that two appeals from the ALJ’s final order were taken by rule challengers to the District Court of Appeal, Fifth District. The Commission also cites to Legal Environmental Assistance Foundation, Inc. v. Clark, 668 So.2d 982, 987 (Fla.1996) for the proposition that it cannot obtain review of the final order because that order makes no mention of the transcript dispute.
We find that the Commission had, and has, an adequate remedy by cross-appeal of the final order and, accordingly, deny the petition. Petitioner’s reliance on LEAF v. Clark, a case dealing with issue of a party’s standing, is misplaced. Nor do we agree that the Commission could not appeal, or cross-appeal, the final order because the order did not expressly deal with the issue of the transcript. A cross-appeal is:
confined to those trial court orders or rulings adverse to the appellee which either “merge” into or are an inherent part of the order or orders which are properly under review by the main appeal — much as the main appeal is confined to similar trial court orders or rulings which are adverse to the appellant.
Breakstone v. Baron’s of Surfside, Inc., 528 So.2d 437, 439 (Fla. 3d DCA 1988); see also Fla. R.App. P. 9.110(h).
Although the time for filing of a cross-appeal has passed, the time limit of Rule 9.110(g) is not jurisdictional. Breakstone, 528 So.2d at 439. And, while the issue is ultimately one for the Fifth District Court of Appeal, the respondents have been on notice of the Commission’s desire to obtain appellate review of the ruling concerning the transcript and would have difficulty showing prejudice in opposition to a motion by the Commission for leave to file an untimely cross-appeal. See Dellecese v. Value Rent A Car, 543 So.2d 440 (Fla. 1st DCA 1989).
Finally, in addition to the above, we note that outcome we reach here will avoid the unwieldy situation where this court would be reviewing an interlocutory order issued in a lower tribunal case where the final order from that same proceeding is on appeal in a sister court.
For the foregoing reasons, we deny the petition for review of non-final agency action without prejudice to the Commission’s right to request leave to cross-appeal in the cases now pending before the Fifth District Court of Appeal.
PETITION DENIED.
MINER, BARFIELD and POLSTON, JJ., concur.