NO. 07-02-0349-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 30, 2003



______________________________




JOE W. NELSON, APPELLANT



V.



LUBBOCK CENTRAL APPRAISAL DISTRICT, APPELLEE




_________________________________



FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2000-732-542; HONORABLE WILLIAM DODSON, JUDGE



_________________________




Before QUINN and REAVIS, JJ. and BOYD, S.J. (1)


MEMORANDUM OPINION (2)



 Samuel Brown Silverman appeals from the trial court's order granting the motion for
excess proceeds of the United States of America, on behalf of its officer, the Secretary of
Veterans Affairs, and directing the clerk to issue payment for $24,980.88 out of the proceeds
of a foreclosure sale of a tax lien deposited with the court clerk as provided by section 34.04
of the Texas Property Tax Code. (3) Presenting three issues, Silverman contends the trial court
erred (1) in disregarding the language of section 34.04(c) which requires a court to order the
release of the excess proceeds to a party who establishes his claim to the excess proceeds
by satisfying the requirements of that section; (2) by awarding interest and costs contrary to
section 34.04(d) which excludes the award of interest and costs; and (3) by failing to respond
to his timely and proper request for findings of fact and conclusions of law. Based upon the
rationale expressed herein, we dismiss for want of jurisdiction. 

 On July 11, 2000, the trial court signed its judgment that Lubbock Central Appraisal
District recover an in rem judgment in the amount of $2,735.94 against Joe W. Nelson. 
Among other things, the judgment authorized foreclosure of a tax lien covering the subject
real estate and its sale as under execution pursuant to Chapters 33 and 34 of the Code. 
Also, the judgment expressly provided: 

 [a]ny excess in the proceeds of sale over and above the amount necessary to
defray the cost of suit, sale, and other expenses made chargeable in this suit
against such proceeds and to fully discharge the judgments against said
property, shall be paid to the clerk of this Court and be retained by said clerk
for disposition to any parties legally entitled to such excess in accordance with
the terms and provisions of Section 34.03 of the Texas Property Tax Code.


Following a sheriff's sale on December 5, 2000, excess proceeds in the amount of
$33,566.36 were deposited with the Clerk of the District Court of Lubbock County. Because
the Veterans Land Board of the State of Texas was shown to be the record holder of a deed
of trust lien covering the subject property at the time of the foreclosure sale, on December 12,
2000, the clerk sent the Veterans Land Board written notice of excess funds as required by
section 34.03 of the Code.

 During the two-year period of Nelson's right of redemption per section 34.21 and the
period for retention of the excess proceeds of the sale per section 34.03(a)(2), on August 8,
2001, the Veterans Land Board assigned its deed of trust lien and note secured thereby to
the Secretary of Veterans Affairs. Following private foreclosure proceedings, by substitute
trustee's deed dated October 2, 2001, recorded in volume 7303, page 309, the property,
"together with all rights and appurtenances belonging to" Nelson, was conveyed to the
Secretary of Veterans Affairs. After Nelson executed an assignment of excess proceeds to
Silverman, pursuant to section 34.04, Silverman filed his petition to claim excess proceeds
in the underlying proceeding on February 28, 2002. (4) Then, on May 23, 2002, the Secretary
of Veterans Affairs filed its motion to claim excess proceeds.

 The trial court heard Silverman's claim for $33,566.36, the full amount of the excess
proceeds, and the claim of the Secretary of Veterans Affairs for $24,980.88 of the excess
proceeds. After taking the competing claims under advisement, the trial court granted the
claim of the Secretary of Veterans Affairs and ordered that the court clerk issue payment for
$24,980.88; however, the order did not grant or deny distribution of the balance of $8,585.48
excess proceeds to Silverman, or otherwise. 

 This Court is obligated to determine, sua sponte, its jurisdiction to hear an appeal. 
Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.-Amarillo 1994, writ denied), citing New
York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). Our jurisdiction
is established by various constitutional and statutory provisions. See, e.g., Tex. Const. art.
5, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 1988). Further, this Court has no jurisdiction
to review an interlocutory ruling presented to us by the appeal process prior to entry of a final
judgment. Warford v. Childers, 642 S.W.2d 63, 65 (Tex.App.--Amarillo 1982, no writ); cf. Tex.
Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2003) (authorizing review of certain
interlocutory orders). A judgment is final for purposes of appeal if it disposes of all pending
parties and claims in the record. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001). Because the August 16, 2002 order does not dispose of Silverman's claim or direct
the distribution of the balance of the excess funds, to-wit: $8,585.48, it is interlocutory and
we do not have jurisdiction to consider Silverman's issues.

 Accordingly, this appeal is dismissed for want of jurisdiction.

 Don H. Reavis

 Justice
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.
2. Tex. R. App. P. 47.2(a).
3. All references to the Code are to the Texas Tax Code Annotated (Vernon 2001).
4. Although not required, section 34.04(a) provides that a petition and claim for excess
proceeds may be filed as an original suit or in the same cause number as the underlying suit.