NO. 07-02-0349-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 30, 2003

_____

JOE W. NELSON, APPELLANT

V.

LUBBOCK CENTRAL APPRAISAL DISTRICT, APPELLEE

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-732-542; HONORABLE WILLIAM DODSON, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION[2]**

Samuel Brown Silverman appeals from the trial court's order granting the motion for

excess proceeds of the United States of America, on behalf of its officer, the Secretary of

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]Tex. R. App. P. 47.2(a).

Veterans Affairs, and directing the clerk to issue payment for $24,980.88 out of the proceeds of a foreclosure sale of a tax lien deposited with the court clerk as provided by section 34.04 of the Texas Property Tax Code.[3] Presenting three issues, Silverman contends the trial court erred (1) in disregarding the language of section 34.04(c) which requires a court to order the release of the excess proceeds to a party who establishes his claim to the excess proceeds by satisfying the requirements of that section; (2) by awarding interest and costs contrary to section 34.04(d) which excludes the award of interest and costs; and (3) by failing to respond to his timely and proper request for findings of fact and conclusions of law.  Based upon the rationale expressed herein, we dismiss for want of jurisdiction.

On July 11, 2000, the trial court signed its  judgment that Lubbock Central Appraisal District recover an *in rem* judgment in the amount of $2,735.94 against Joe W. Nelson. Among other things, the judgment authorized foreclosure of a tax lien covering the subject real estate and its sale as under execution pursuant to Chapters 33 and 34 of the Code. Also, the judgment expressly provided:

> [a]ny excess in the proceeds of sale over and above the amount necessary to defray the cost of suit, sale, and other expenses made chargeable in this suit against such proceeds and to fully discharge the judgments against said property, shall be paid to the clerk of this Court and be retained by said clerk for disposition to any parties legally entitled to such excess in accordance with the terms and provisions of Section 34.03 of the Texas Property Tax Code.

---

[3]All references to the Code are to the Texas Tax Code Annotated (Vernon 2001).

2

Following a sheriff's sale on December 5, 2000, excess proceeds in the amount of $33,566.36 were deposited with the Clerk of the District Court of Lubbock County. Because the Veterans Land Board of the State of Texas was shown to be the record holder of a deed of trust lien covering the subject property at the time of the foreclosure sale, on December 12, 2000, the clerk sent the Veterans Land Board written notice of excess funds as required by section 34.03 of the Code.

During the two-year period of Nelson's right of redemption per section 34.21 and the period for retention of the excess proceeds of the sale per section 34.03(a)(2), on August 8, 2001, the Veterans Land Board assigned its deed of trust lien and note secured thereby to the Secretary of Veterans Affairs. Following private foreclosure proceedings, by substitute trustee's deed dated October 2, 2001, recorded in volume 7303, page 309, the property, "together with all rights and appurtenances belonging to" Nelson, was conveyed to the Secretary of Veterans Affairs. After Nelson executed an assignment of excess proceeds to Silverman, pursuant to section 34.04, Silverman filed his petition to claim excess proceeds in the underlying proceeding on February 28, 2002.[4] Then, on May 23, 2002, the Secretary of Veterans Affairs filed its motion to claim excess proceeds.

The trial court heard Silverman's claim for $33,566.36, the full amount of the excess proceeds, and the claim of the Secretary of Veterans Affairs for $24,980.88 of the excess

---

[4]Although not required, section 34.04(a) provides that a petition and claim for excess proceeds may be filed as an original suit or in the same cause number as the underlying suit.

proceeds. After taking the competing claims under advisement, the trial court granted the claim of the Secretary of Veterans Affairs and ordered that the court clerk issue payment for $24,980.88; however, the order did not grant or deny distribution of the balance of $8,585.48 excess proceeds to Silverman, or otherwise.

This Court is obligated to determine, *sua sponte*, its jurisdiction to hear an appeal. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied), citing New York Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 678 (Tex. 1990). Our jurisdiction is established by various constitutional and statutory provisions. *See*, *e.g.*, Tex. Const. art. 5, § 6; Tex. Gov't Code Ann. § 22.220 (Vernon 1988). Further, this Court has no jurisdiction to review an interlocutory ruling presented to us by the appeal process prior to entry of a final judgment. Warford v. Childers, 642 S.W.2d 63, 65 (Tex.App.--Amarillo 1982, no writ); *cf.* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon Supp. 2003) (authorizing review of certain interlocutory orders). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001). Because the August 16, 2002 order does not dispose of Silverman's claim or direct the distribution of the balance of the excess funds, to-wit: $8,585.48, it is interlocutory and we do not have jurisdiction to consider Silverman's issues.

Accordingly, this appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice