909 So.2d 383 (2005)
FLORIDA ELECTIONS COMMISSION, Appellant,
v.
FLORIDA EDUCATION ASSOCIATION-QUALITY PUBLIC EDUCATION CORPORATION, INC., and Bill McBride, Appellee.
No. 1D04-4237.
District Court of Appeal of Florida, First District.
August 4, 2005.
Charles A. Finkel, General Counsel, Florida Elections Commission, Tallahassee, for appellant.
Jennifer S. Blohm and Ronald G. Meyer, of Meyer & Brooks, P.A., Tallahassee, for appellee Florida Education Association-Quality Public Education Corporation, Inc.; Robert Augustus Harper and Robert Augustus Harper, III, of Harper & Harper Law Firm, P.A., Tallahassee, for appellee McBride.
WOLF, J.
The Florida Elections Commission (FEC) challenges an order denying its petition seeking the issuance of commissions *384 for the purpose of taking discovery depositions of certain out-of-state witnesses for use in the context of ongoing administrative proceedings before the Division of Administrative Hearings. We affirm because the FEC failed to allege and demonstrate sufficient facts supporting the circuit court's authority to grant the relief requested. We write only to address an appellate jurisdictional issue that arose in the context of this case.
The FEC timely filed a notice of appeal from the order on review, and this court converted the case to a certiorari review proceeding based in part on the decisions in Freedom Newspapers, Inc. v. Egly, 507 So.2d 1180 (Fla. 2d DCA 1987), and Travelers Indemnity Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980). Upon reconsideration of that decision,[1] we have determined that this case was properly initiated as an appeal from a final order.
In Travelers, the Fifth District ruled on a petition for writ of certiorari challenging an interlocutory order by a circuit court, entered in the context of an ongoing case pending in that court, which denied the plaintiff's motion for appointment of a commissioner to take the deposition of an out-of-state witness pursuant to Florida's version of the Uniform Foreign Depositions Act (UFDA). In discussing whether the petitioner in that case was entitled to the relief requested, the Fifth District stated, "Certiorari is the proper remedy here." Travelers, 388 So.2d at 650. However, the Fifth District's consideration of the certiorari petition challenging the interlocutory discovery order in that case was consistent with the long-standing principle that "review by certiorari is appropriate when a discovery order departs from the essential requirements of law, causing material injury to a petitioner throughout the remainder of the proceedings below and effectively leaving no adequate remedy on appeal." Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995).
The order on review in Freedom Newspapers was an order issued pursuant to the UFDA compelling an individual in this state to comply with discovery authorized by a California court for use in proceedings pending in that state. See Freedom Newspapers, 507 So.2d at 1182. The appellate review proceeding in that case was, like the appellate review proceeding in this case, initiated by the filing of a notice of appeal on the theory that "the order represented a completion of judicial labor" in the limited cause that existed in the Florida court. Id. However, the party seeking to uphold the order argued in the Second District that the order "should be treated like any other compelling discovery and thus that review should be by certiorari." Id. With no citation to authority, the Second District agreed that review of the order should be by certiorari because the Florida court in the circumstances presented was operating "basically as an auxiliary of the [California court] and an order compelling discovery is not `final' since it does not dispose of all issues pending in the case." Id. at 1183. The Second District commented that "for this reason ... the relatively expedited method of review afforded by certiorari is appropriate here just as if the entire lawsuit had been conducted in Florida courts." Id.
We disagree with the Second District's analysis in Freedom Newspapers with regard *385 to whether the order on review in that case was a final order. The order on review in that case could never have become a reviewable part of the record on appeal from a final order in the underlying proceeding such that the circuit court's order on discovery could truly have been considered non-final. See Auto Owners Ins. Co. v. Hillsborough County Aviation Auth., 153 So.2d 722, 724 (Fla.1963) (holding that an appeal from a final judgment "brings up for review all interlocutory orders entered as a necessary step in the proceeding" because the interlocutory orders are "a part of the record for review on appeal"). Similarly, the circuit court's order in this case will not become a reviewable part of the record on appeal from any final orders entered in the underlying administrative proceedings, see § 120.57(1)(f)6., Fla. Stat. (providing that only those "decision[s], opinion[s], order[s], or report[s] by the presiding officer" in an administrative proceeding shall become a part of the record on appeal from a final order entered in the context of the administrative proceeding), and, therefore, it too cannot truly be characterized as non-final. Cf. Fla. Fish & Wildlife Conservation Comm'n v. McGill, 823 So.2d 236, 237-38 (Fla. 1st DCA 2002) (holding that a party aggrieved by a concededly non-final order entered by an administrative law judge in an administrative proceeding could seek review of the order by cross-appeal in the appeal from the final order entered in that same administrative proceeding).
In fact, courts in both Virginia and Texas have held that circuit court orders like the one at issue in Freedom Newspapers and the one on review in this proceeding were final orders subject to review by appeal in those jurisdictions, rather than non-final discovery orders. See Am. On-line, Inc. v. Anonymous Publicly Traded Co., 261 Va. 350, 542 S.E.2d 377, 380 (2001) (holding that a court's final discovery order entered in an action commenced pursuant to the UFDA solely for the purpose of obtaining discovery for use in litigation in another state was a final order subject to review by appeal because "[a]n action under the UFDA is a separate action, distinct from, although ancillary to, the underlying cause of action in the foreign jurisdiction"); Warford v. Childers, 642 S.W.2d 63, 65-66 (Tex.App.1982) (holding that a court's final discovery order issued pursuant to the UFDA solely for the purpose of obtaining discovery for use in litigation in another state was a final order subject to review by appeal because "[w]hen the trial court rendered its order, it disposed of every aspect of the case before it and settled all issues raised by the parties"). In reaching its decision in Warford, the Texas Court of Appeals commented:
Obviously, the order cannot be reviewed by this court as part of an appeal from a final judgment of the Hawaii court and cannot be reviewed by the Hawaii appellate court under any circumstances. Thus, although the order may have an interlocutory relationship with the Hawaii suit, we conclude that it is a final judgment on all issues in controversy in Texas and that we have jurisdiction to review it by appeal.
Id. at 66.
Given the persuasive authority from the Virginia and Texas courts on the issue of the finality of orders like the one on review in this case, this court has reviewed the arguments raised by the FEC in this case in accordance with the de novo standard of review applicable to issues of statutory interpretation in appeals from final orders. See, e.g., Sullivan v. Fla. Dep't of Envtl. Prot., 890 So.2d 417, 420 (Fla. 1st DCA 2004) ("At issue is a question of statutory interpretation, as to which the standard of *386 review is de novo.").[2] However, as previously noted, even under that standard, the arguments raised by the FEC in this proceeding are unavailing.
AFFIRMED.
ERVIN and WEBSTER, JJ., concur.
NOTES
[1] See Bill Holt Sales & Leasing, Inc. v. Cousins, 904 So.2d 502 (Fla. 1st DCA 2005) (revisiting prior interlocutory order determining that order on review was an appealable non-final order); see also Hialeah Hotel, Inc. v. Woods, 778 So.2d 314, 315 (Fla. 3d DCA 2000) (noting that a ruling by a motions panel of an appellate court may be revisited by the merits panel).
[2] This conclusion obviated the need for an analysis as to whether the FEC has been irreparably harmed by the circuit court's order.