971 So.2d 983 (2008)
GREENLIGHT FINANCIAL SERVICES, INC., dba GFS Wholesale, a California Corporation, Appellant,
v.
UNION AMERICA MORTGAGE, INC., Kenneth Crenshaw, The Kenneth Crenshaw Law Firm, P.A., and Anthony Parks, Appellees.
No. 3D07-2099.
District Court of Appeal of Florida, Third District.
January 2, 2008.
*984 Billbrough & Marks, P.A. and G. Bart Billbrough, for appellant.
Kenneth Crenshaw; Anthony Parks; Anthony Accetta; Steven Stoler, Beverly Hills, CA, for appellees.
Before GREEN, SHEPHERD, and CORTIÑAS, JJ.
PER CURIAM.
By way of a petition for writ of certiorari and/or mandamus, Greenlight Financial Services, Inc., d/b/a GFS Wholesale ("GFS"), seeks review of an order of dismissal of the discovery proceedings below for lack of jurisdiction. We, however, treat this as an appeal from a final order[1] and reverse for the following reasons.
The proceedings below arose out of a pending California lawsuit between GFS and Union America Mortgage, Inc. ("Union"), and was brought pursuant to the Uniform Foreign Depositions Law ("UFDL"), which Florida has enacted at section 92.251, Florida Statutes (1985). As part of the California lawsuit, GFS sought to depose Kenneth Crenshaw, Esq., and Anthony Parks, two non-party Florida resident witnesses.[2] The California court issued a commission for GFS to depose Crenshaw and Parks in Florida. Crenshaw was served in Florida with a subpoena duces tecum for deposition.[3]
After Crenshaw was served with process for his deposition duces tecum, he filed an objection and motion for protective order on grounds that the documents were irrelevant and subject to the attorney-client privilege in the Miami-Dade circuit court. On the day before the hearing on Crenshaw's objections and motion, Parks appeared, pro se, in the proceeding and also filed an objection to GFS's subpoena duces tecum, or to Crenshaw's, on the grounds that the documents sought to be produced were subject to an attorney-client privilege and would violate Parks's right to privacy. *985 At the hearing on the motion, the trial court did not address the merits of Crenshaw's objections, but instead entered an order requiring the production and filing of a privilege log for any documents claimed to be subject to the attorney-client privilege within seven days of the next scheduled hearing.
Thereafter, Crenshaw amended his motion for protective order and deleted his attorney-client privilege objection, but reiterated his earlier objection that the documents sought to be produced were irrelevant to the California proceeding. The court then specially set a hearing for the motions for protective order and discovery objections filed by Crenshaw and Parks.
Prior to this specially set hearing, Parks filed a motion to dismiss the proceedings before the court below for lack of jurisdiction on the grounds, among other things, that no Florida complaint or lawsuit had been filed pursuant to the Florida Rules of Civil Procedure. In the absence of a Florida lawsuit, Parks asserted, the trial court lacked jurisdiction to resolve the pending discovery disputes. The trial court granted the motion and directed GFS and the two Florida witnesses to the California court that issued the commission for a resolution of their discovery issues. GFS now seeks our review of this order of dismissal.
Under UFDL, as adopted by Florida in section 92.251, whenever a litigant desires to depose a witness residing in another state, that litigant must first secure the appointment of a commissioner from the court where the litigation originates. See Freedom Newspapers, Inc., 507 So.2d at 1183. The foreign litigant may then apply to the court having personal jurisdiction over the witness for the process necessary to secure the attendance of the witness. Id. (citing Travelers Indem. Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980)). Florida's UFDL specifically provides, in pertinent part, as follows:
(2) Whenever any mandate, writ or commission is issued out of any court of record in any other state, territory, district, or foreign jurisdiction, or whenever upon notice or agreement it is required to take the testimony of a witness or witnesses in this state, witnesses may be compelled to appear and testify in the same manner and by the same process and proceeding as may be employed for the purposes of taking testimony in proceedings pending in this state.

(Emphasis added). This means that the court where the deposition actually takes place, in this case, Florida, enjoys all necessary powers of enforcement as if the action were taking place in Florida, and the laws of Florida govern any proceedings incident to the deposition. See Freedom Newspapers, Inc., 507 So.2d at 1184.
The trial court in this case, therefore, erred in its determination that it was without jurisdiction to entertain the discovery objections associated with the subject depositions in accordance with Florida law. The UFDA proceeding before the court below is essentially a separate action, distinct from, although ancillary to, the underlying cause of action pending in California. See America Online, Inc. v. Anonymous Publicly Traded Co., 261 Va. 350, 542 S.E.2d 377, 380 (2001); Warford v. Childers, 642 S.W.2d 63, 65 (Tex.App. 1982). Indeed, only the court below has jurisdiction to enforce the Florida subpoena duces tecum at issue against this Florida non-party witness.
Accordingly, we reverse the under review and remand for further proceedings.
NOTES
[1] Fla. R.App. P. 9.030(b)(1), 9.110(a); See Florida Elections Comm'n v. Florida Educ. Ass'n-Quality Public Educ. Corp., 909 So.2d 383 (Fla. 1st DCA 2005); But see Freedom Newspapers, Inc. v. Egly, 507 So.2d 1180 (Fla. 2d DCA 1987)(order issued pursuant to the UFDL compelling a Florida Resident to comply with discovery authorized by a California court for use in proceedings pending in that state reviewable by certiorari).
[2] Union subsequently named Parks in a third party claim in the California lawsuit, but there is no record evidence before us that he has formally appeared as a party, to date, in the California action. Parks has never, however, challenged the issuance or validity of the California commission for his deposition in Florida.
[3] To date, no subpoena duces tecum for deposition has been served on Parks. The discovery issues involved in the proceeding below, therefore, solely involved Crenshaw.