NO. 07-10-0127-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 21, 2010

_____

IN THE ESTATE OF PHILLIP MORRIS KRUMNOW, SR., DECEASED

_____

FROM THE COUNTY COURT OF FALLS COUNTY;

NO. 6862; HONORABLE JAMES F. CLAWSON, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION ON APPELLEE'S MOTION TO DISMISS**

According to the record filed, Appellant, Phillip Morris Krumnow, Jr., was appointed as Independent Executor of the Estate of Phillip Morris Krumnow, Sr., Deceased, and letters testamentary were issued on October 30, 2002. Appellant was subsequently removed as Independent Executor on May 14, 2003. This is an attempt to appeal a preliminary probate court ruling in a proceeding seeking the appointment of a successor personal representative of the estate. Here, Appellant has filed a notice of appeal from the trial court's order overruling his objection to the assignment of Senior Judge James F. Clawson, Jr. as presiding judge. Appellees, Norma Cora Withem,

Bettie Lanelle Mendenhall, and Robert R. Krumnow, have filed a Motion to Dismiss this appeal contending this Court has no jurisdiction to entertain Appellant's case. For the reasons expressed herein, we grant Appellees' motion and dismiss this purported appeal for want of jurisdiction.

After the Honorable R. Steven Sharp entered an order disqualifying himself from presiding in the underlying probate case, the presiding judge of the Third Administrative Judicial Region, pursuant to § 74.056 of the Texas Government Code,[1] signed an order dated January 7, 2010, assigning the Honorable James F. Clawson, Jr., Senior Judge of the 169th Judicial District, to preside over the case. Although Appellant contends that he did not receive actual notice of the assignment of Judge Clawson until he received "the notice of hearing on the Appointment of a Successor Executor," the record is devoid of any reference to that date.[2] Appellant filed his *Objection to Assigned Judge* on January 29, 2010, followed by an *Amended Objection to Assigned Judge* on February 1, 2010. Without a hearing, finding the objection to be untimely as a matter of law, Judge Clawson entered an order overruling Appellant's challenges on February 2, 2010. Appellant filed his notice of appeal on March 1, 2010.[3]

---

[1]Tex. Gov't Code Ann. § 74.056 (Vernon 2005).

[2]An objection to the assignment of a trial judge under Chapter 74 of the Texas Government Code must be filed not later than the earlier of the seventh day after the date the party receives actual notice of the assignment or the date the first hearing or trial, including pretrial hearings, commences. Tex. Gov't Code Ann. § 74.053(c) (Vernon 2005). Except as specifically provided, each party to the case is entitled to only one objection under § 74.053. If a properly filed objection is timely, the assigned judge's disqualification is automatic. *See* Tex. Gov't Code Ann. § 74.053(b) (Vernon 2005); *In re Canales,* 52 S.W.3d 698, 701 (Tex. 2001). The determination of timeliness is a mixed question of law and fact.

[3]Even if this were a permissible interlocutory appeal, the notice of appeal was not filed within the twenty days in which to perfect such an appeal. *See* Tex. R. App. P. 26.1(b).

Appellant filed his brief on June 25, 2010, raising the following two issues:

1.   Because Appellant did not receive notice of the January 7, 2010, assignment, the trial court abused its discretion in denying his objection to the assigned judge based on the finding that his objection was not timely filed.

2.   The trial court abused its discretion in not conducting a hearing on the record on Appellant's objection to assigned judge for the reason that a hearing is required.

In response, Appellees filed their brief which incorporated a motion to dismiss for want of jurisdiction.

By letter dated August 3, 2010, this Court advised Appellant of the potential interlocutory nature of the order being appealed and directed him to demonstrate on or before August 13, 2010, why this appeal should not be dismissed for want of jurisdiction.  On August 17, 2010, Appellant filed his response asserting he was denied the fundamental right to a hearing on his objection.  Relying on *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001), he argues that because orders of an assigned judge who should have been removed after a timely objection are void, it would be a waste of time and judicial resources to not address the issue on an interlocutory basis.[4]

**Interlocutory Appeals**

At the outset, this Court is obliged to determine issues affecting our jurisdiction over an appeal.  *New York Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 678

---

[4]*In re Canales* was an original proceeding wherein the Petitioner sought a writ of mandamus to compel an appellate court to withdraw its conditional granting of a writ of mandamus directing an assigned judge to disqualify himself from further proceedings in an underlying cause of action based upon the timeliness of an objection to his assignment.

(Tex. 1990). Our jurisdiction is established by various constitutional and statutory provisions. *See* Tex. Const. art. 5 § 6. *See also* Tex. Gov't Code Annotated § 22.220 (Vernon Supp. 2009). As a general rule, before a judgment or order is appealable, it must be a final order disposing of all parties and issues. *Lehmann v. Har-Con Corp.* 39 S.W.3d 191, 195 (Tex 2001); *North E. Indep. School Dist. v. Aldridge* 400 S.W.2d 893, 895 (Tex. 1966). An order or judgment which does not dispose of all parties and issues is interlocutory and this Court is without jurisdiction to review it absent an express grant of authority. *See Warford v. Childers*, 642 S.W.2d 63, 65 (Tex.App.--Amarillo 1982, no writ).

Section 51.014(a) of the Texas Civil Practices and Remedies Code does grant express authority to appeal certain interlocutory orders. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a) (Vernon 2008). Because this appeal pertains to a matter not falling within any of those statutory exceptions, we find no statutory basis for jurisdictional authority.

Appellant's argument that dismissing this appeal would be a waste of judicial resources is also without merit. Just as in *Canales,* Appellant has an appropriate and adequate remedy via a mandamus proceeding.

Accordingly, Appellees' Motion to Dismiss is granted and this purported appeal is dismissed for want of jurisdiction. Tex. R. App. P. 42.3(a).

Patrick A. Pirtle
Justice

4