DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LUV N CARE, LTD.,**
Appellant,

v.

**LISA HAKIM,** et al.,
Appellees.

No. 4D2023-1970

[May 1, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jaimie R. Goodman, Judge; L.T. Case No. 502022CA007553.

Marissa D. Kelley of Kelley Legal, Fort Lauderdale, for appellant.

Todd R. Friedman of Todd R. Friedman, P.A., Miami, for appellee Lisa Hakim.

GERBER, J.

The plaintiff in a pending Louisiana civil case commenced an action in the Florida circuit court to enforce a domesticated Louisiana subpoena duces tecum. The subpoena commanded a nonparty Florida resident ("the witness") to produce the Louisiana subpoena's listed items. Upon the witness's failure to fully comply with the subpoena, the plaintiff filed two motions to compel the witness's full compliance with the subpoena. The witness then filed a motion for protective order.

The circuit court ultimately entered an order denying the plaintiff's second motion to compel, and granting the witness's motion for protective order. The circuit court pertinently reasoned:

> This Court is unable to determine whether the information requested in the subject subpoena duces tecum is reasonably calculated to lead to the discovery of admissible evidence in the underlying Louisiana litigation and is not overly broad or harassing. The issue of discoverability pertains to the underlying litigation in Louisiana and is within the province

of the presiding Judge in the underlying Louisiana litigation. The Court therefore will not compel a [further] response to the subpoena unless there is an order from the Louisiana court, that is presiding over the Louisiana litigation, determining that the information requested in the subject subpoena duces tecum is discoverable, is reasonably calculated to lead to the discovery of admissible evidence, and is not unduly invasive or harassing.

If Plaintiff obtains such an order from the Louisiana Court, and prior to enforcement of the subpoena, this Court will then address whether the subpoena violates [the witness's] rights as a Florida citizen in terms of privacy considerations. At this time[,] there is no Order from the Louisiana Court presiding over the litigation as to the discoverability of the information requested in the [s]ubpoena. Accordingly, the case is DISMISSED WITHOUT PREJUDICE[.]

The Clerk is directed to close this case. Should Plaintiff obtain the referenced order from the Louisiana Court, Plaintiff may file a motion to re-open this case and the Court will then address any issues and inquiries as to the privacy considerations of the [witness].

(paragraph numbering omitted).

From that order, the plaintiff appeals, primarily arguing the circuit court erred in deferring to the Louisiana court on whether the information requested in the plaintiff's subpoena is discoverable. We agree with the plaintiff's argument and reverse the circuit court's order.

Our conclusion is dictated by the Uniform Interstate Depositions and Discovery Act ("UIDDA"), codified in section 92.251, Florida Statutes (2022), which governs foreign, i.e., out-of-state, subpoenas. The UIDDA, pertinently provides:

(5) DEPOSITION, PRODUCTION, AND INSPECTION.—*The laws and rules of this state govern* and apply to all subpoenas issued under [this statute].

(6) APPLICATION TO COURT.—An application to the court for a protective order or to enforce, quash, or modify a subpoena issued by a clerk of court under [this statute] *must comply with the statutes and rules of this state and be*

*submitted to the court in the county in which discovery is to be conducted.*

§ 92.251(5), (6), Fla. Stat. (2022) (emphases added). Accordingly, whether to enforce a domesticated subpoena—or whether to issue a protective order based upon a Florida witness's objections—is a decision for the discovery state's court, here being Florida.

*Greenlight Financial Services, Inc. v. Union America Mortgage, Inc.*, 971 So. 2d 983 (Fla. 3d DCA 2008), on which the plaintiff relies, is instructive. In *Greenlight*, a nonparty Florida resident witness served with an out-of-state subpoena "filed a motion to dismiss the proceedings before the [Florida circuit court] for lack of jurisdiction on the grounds, among other things, that no Florida complaint or lawsuit had been filed pursuant to the Florida Rules of Civil Procedure." *Id.* at 985. The witness asserted that, in the absence of a Florida lawsuit, the Florida circuit court "lacked jurisdiction to resolve the pending discovery disputes." *Id.* The Florida circuit court adopted the witness's position, granted the witness's motion to dismiss, and directed the out-of-state litigant "to the California court that issued the commission for a resolution of their discovery issues." *Id.*

The Third District, interpreting the UIDDA's predecessor statute formerly known as the Uniform Foreign Depositions Law ("UFDL"), reversed the Florida circuit court's order, holding:

> The [Florida circuit court] … erred in its determination that it was without jurisdiction to entertain the discovery objections associated with the subject depositions in accordance with Florida law. The UFD[L][, the UIDDA's predecessor,] proceeding before the court below is essentially a separate action, distinct from, although ancillary to, the underlying cause of action pending in California. Indeed, only [Florida circuit court] has jurisdiction to enforce the Florida subpoena duces tecum at issue against this Florida non-party witness. Accordingly, we reverse the [order] under review and remand for further proceedings.

*Id.* (internal citations omitted).

Similarly, here, although the circuit court did not use the phrase that it was "without jurisdiction" to consider the plaintiff's second motion to compel and the witness's motion for protective order in accordance with Florida law, the circuit court effectively determined it was "without jurisdiction" to do so based the following phrases in its order:

3

- "This Court is _unable to determine_ whether the information requested in the subject subpoena duces tecum is reasonably calculated to lead to the discovery of admissible evidence in the underlying Louisiana litigation and is not overly broad or harassing."

- "The issue of discoverability pertains to the underlying litigation in Louisiana and is _within the province of the presiding Judge in the underlying Louisiana litigation_."

- "The Court therefore will not compel a [further] response to the subpoena _unless there is an order from the Louisiana court_, that is presiding over the Louisiana litigation, determining that the information requested in the subject subpoena duces tecum is discoverable, is reasonably calculated to lead to the discovery of admissible evidence, and is not unduly invasive or harassing."

- _If Plaintiff obtains such an order from the Louisiana Court_, and prior to enforcement of the subpoena, this Court will then address whether the subpoena violates [the witness's] rights as a Florida citizen in terms of privacy considerations.

- At this time[,] _there is no Order from the Louisiana Court presiding over the litigation as to the discoverability of the information requested in the [s]ubpoena_. Accordingly, the case is DISMISSED WITHOUT PREJUDICE[.]

- The Clerk is directed to close this case. _Should Plaintiff obtain the referenced order from the Louisiana Court_, Plaintiff may file a motion to re-open this case and the Court will then address any issues and inquiries as to the privacy considerations of the [witness].

(emphases added).

As the Third District and other sources suggest, the circuit court's findings here were error. _Greenlight_, 971 So. 2d at 985; _see also Quinn v. Eighth Jud. Dist. Ct. in & for Cnty. of Clark_, 410 P.3d 984, 988 (Nev. 2018) ("Any motion practice associated with the discovery subpoena, such as a motion to enforce or quash a subpoena, must take place in the discovery state and is governed by the law of the discovery state."); UIDDA § 6 cmt.

4

(Unif. L. Comm'n 2007) ("[T]he discovery state has a significant interest in protecting its residents who become non-party witnesses in an action pending in a foreign jurisdiction from any unreasonable or unduly burdensome discovery requests, and this is easily accomplished by requiring that any discovery motions must be decided under the laws of the discovery state.").

The witness's answer brief primarily responds the plaintiff's argument is unpreserved because the plaintiff has failed to provide us with a hearing transcript leading to the appealed order, which provided that the circuit court's rulings were further based on "the reasons set forth by the Court at the hearing."

However, regardless of whether the circuit court's orally pronounced reasons for its rulings may have differed from the final order's stated reasons, "facially apparent errors from the record will result in reversal" even without a hearing transcript. *Evans v. Diaz*, 365 So. 3d 1176, 1178 (Fla. 4th DCA 2023) (citation and internal quotation marks omitted); *see also MTGLQ Invs., L.P. v. Merrill*, 312 So. 3d 986, 993 (Fla. 1st DCA 2021) ("[*Applegate*] does not mean that absence of a transcript is always fatal to an appeal. Instead, the issue is whether the appeal turns on dispositive questions of fact that were, or could have been, established only in the proceedings not transcribed.").

Here, as discussed above, the circuit court's error in deferring to the Louisiana court on whether the information requested in the plaintiff's subpoena is discoverable appears on the appealed order's face. Thus, we are compelled to reverse the appealed order in its entirety. We remand for the circuit court to rehear the plaintiff's second motion to compel and the witness's motion for protective order, and conduct its independent determination of whether the information requested in the plaintiff's subpoena is discoverable.

*Reversed and remanded with instructions.*

GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

5