George **LINDSEY**, et ux., Relators,

v.

Honorable Jack **O'NEILL**, Judge, et al., Respondents.

No. C–3628.

Supreme Court of Texas.

April 3, 1985.

Rehearing Denied May 8, 1985.

---

W. Jiles Roberts, Buchanan Dam, for relators.

B.J. Walter, Jr., Liddell, Sapp, Zivley & Laboon, Jess H. Hall, Jr., Houston, for respondents.

PER CURIAM.

This is an original mandamus action brought by George Lindsey and Betty Lindsey, individually and as next friends of their son, Thomas Daniel Lindsey, to compel Judge O'Neill to rescind his order limiting the scope of their Second Amended Notice of Deposition. This court has jurisdiction over this cause pursuant to TEX. REV.CIV.STAT.ANN. art. 1733 (Vernon Supp.1985). Because we believe the trial court's order improperly restricted the scope of discovery as defined by the Texas Rules of Civil Procedure, we conditionally grant the writ.

The Lindseys brought the underlying lawsuit in this cause against several defendants including certain named physicians, several pharmaceutical companies, and Hermann Hospital in Houston, based upon medical malpractice and products liability theories. In the course of conducting pretrial discovery, the Lindseys served their Second Amended Notice of Deposition upon one of the defendants, Travenol Labs, Inc. This deposition notice requested Tra-

venol to produce individuals for deposition on some thirty-nine subject areas. Travenol moved for a protective order and the trial court ordered twenty-one of these subject areas stricken from the notice on the ground that the subjects called for Travenol to produce expert opinion testimony. The trial court struck another eight subjects from the notice on relevancy grounds. As to the remaining subject areas, the trial court limited the scope of permissible inquiry by the Lindseys to only such facts as are, or may lead to, matters relevant to the issues identified by the Lindseys' Seventh Amended Petition. The trial court also quashed the document request which accompanied the deposition notice.

TEX.R.CIV.P. 200 provides that a party may take the deposition of a private or public corporation. Subsection 2b requires that a deposition notice of a corporation describe with reasonable particularity the matters on which examination is requested. Rule 200 makes no distinction between deposition notices directed toward corporations based upon whether the deposition is to pertain to purely factual matters or matters calling for expert opinion.

■ Subsection 3 c of TEX.R.CIV.P. 166b exempts from discovery the mental impressions and opinions of an expert retained or specially employed in anticipation of litigation or preparation for trial if the expert will not be called as a witness and the expert's work product does not form the basis, either in whole or in part, of the opinions of experts who will testify. Subsection 3d exempts from discovery communications between a party and its agents "where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen." Rule 166b–3 does *not* exempt from discovery the mental impressions and opinions of a party's nontestifying experts when these mental impressions and opinions were formulated neither (1) in the course and scope of the "prosecution, in-

vestigation or defense" of a claim or a transaction or occurrence giving rise to a claim or (2) "in anticipation of litigation or preparation for trial."

■ Subsection 2 a of Rule 166b provides that the scope of discoverable information shall include "any matter which is relevant to the subject matter in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party." Discoverability is likewise *not* limited to admissible evidence, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. Rule 166b–2 a makes no distinction in terms of discoverability between purely factual information and information consisting of the mental impressions and opinions of experts.

Subsection 2 e of Rule 166b describes the means by which a party may obtain the discovery of the facts known, mental impressions and opinions of experts when such information "was acquired or developed in anticipation of litigation." Rule 166b–2 e does not purport to exempt from discovery similar types of information *not* acquired or developed in anticipation of litigation.

■ No provision exists in the Texas Rules of Civil Procedure exempting the mental impressions and opinions of experts from discovery when these mental impressions and opinions were neither acquired nor developed in anticipation of litigation. Before the trial court may hold an entire category of expert opinion evidence exempt from discovery, there must be proof before it that all such evidence was either acquired or developed in anticipation of litigation. Because the trial court excluded from discovery *all* of the mental impressions and opinions of experts associated with Travenol without any showing that this information was acquired or developed in anticipation of litigation, we find a conflict between the trial court's order and the Texas Rules of Civil Procedure and, hence, an abuse of discretion on the part of the trial court.

With regard to those subject areas either struck from the Lindseys' deposition notice on relevancy grounds or restricted in scope to the facts relevant to the Lindseys' claims, we find no abuse of discretion in the trial court's order.

We grant the motion for leave to file petition for writ of mandamus. Pursuant to TEX.R.CIV.P. 483, without hearing oral argument, we grant the writ. We are confident the trial court will comply with our decision. A writ of mandamus will issue only if it fails to do so.