Dolores TERAN, Relator,

v.

Honorable Raul LONGORIA, Judge of the 139TH Judicial District, Hidalgo County, Texas, Respondent.

No. 13-85-480-CV.

Court of Appeals of Texas,
Corpus Christi.

Dec. 12, 1985.

Alejandro Moreno, Jr., Pharr, for relator.

Tom Lockhart, Harlingen, for respondent.

Before SEERDEN, UTTER and BENA-VIDES, JJ.

## OPINION

SEERDEN, Justice.

Relator has petitioned for a writ of mandamus, challenging the trial court's order to compel discovery of the identity and records of a physician. We deny the writ.

In the underlying cause, relator Teran sued H.E. Butt Food Stores, Inc. alleging injuries resulting from a fall in defendant's store. During defendant's deposition of a treating physician of relator, the physician revealed that his file had contained references to and a report from another physi-

cian relator had seen. However, relator's attorney had the report removed and the references excised before the respondent viewed the file. Respondent thereafter obtained an order compelling identification of the physician and production of his or her records. Relator claims the information sought is protected from discovery by TEX. R.CIV.P. 166b 2(e) and 3(c).

■ Respondent has urged that Rule 167a(b)(1) compels production of the records made of any physical or mental examination. We disagree. Rule 167a refers to court-ordered examinations. Subsection (b)(1) of the rule begins, "If requested by the party *against whom an order is made* (emphasis supplied) ...." We will not take the next sentence out of context to apply it to examinations made voluntarily.

■ We also are not persuaded by respondent's argument that Rule 166b does not encompass medical experts because Rule 167a is a more specific provision dealing with medical experts and their records. We are convinced that Rule 167a applies only to court-ordered examinations. We decline to preclude the possibility of medical experts being consultants for trial. As there is no distinction made under 166b, we believe that if a medical expert is hired for consultation, is not expected to be called as a witness, and his or her work product is not a basis of the opinions of an expert who will be called as a witness, he or she need not be identified, 166b 2(e)(1), nor must his or her records be discovered, 166b 2(e)(2), and 166b 3(c). However, if a medical expert is hired for a purpose other than as a trial consultant, such as for examination and treatment, or for consultation in connection with improving the health of the person, his or her identity and records are not protected from discovery.

■ If questions arise concerning the purpose for which an expert is hired, the trial judge, in his discretion, must make factual determinations. We will issue a writ of mandamus only to correct a clear abuse of discretion. *Crane v. Tunks*, 160

Tex. 182, 328 S.W.2d 434, 440 (1959); *Pickard v. Castillo*, 550 S.W.2d 107, 112 (Tex. Civ.App.—Corpus Christi 1977). The burden is on the party asserting a privilege from discovery to produce evidence concerning the applicability of a particular privilege. *Giffin v. The Honorable R.L. Smith*, 688 S.W.2d 112, 113 (1985). Relator contends that the physician whose name and records are sought is a consulting expert under Rule 166b 3(c). The trial judge had evidence to the contrary. Dr. Casso states in his deposition, the contents of which were before the court, that he made the appointment with the unnamed physician at the request of relator. At the hearing on the motion, relator's counsel stated that relator "had heard from a friend that she ought to go see him. She had been trying, since the very beginning, to try to get cured."

From the information presented to the trial court, we find no abuse of discretion, and deny the writ.