Glen SUTHERLAND, Relator,

v.

Honorable Brunson MOORE, Judge 120th District Court, Respondent.

No. 08–86–00116–CV.

Court of Appeals of Texas, El Paso.

Aug. 6, 1986.

Rehearing Denied Sept. 3, 1986.

Glen Sutherland, El Paso, pro se.

Jeffrey B. Thompson, Terry Tunks Wyrick, Larry W. Hicks, Larry W. Hicks & Associates, El Paso, for respondent.

Before STEPHEN F. PRESLAR, C.J., Ret., OSBORN, C.J., and SCHULTE, JJ.

## OPINION

OSBORN, Chief Justice.

Relator seeks mandamus relief from an order by the Respondent withdrawing requests for admissions and deemed admissions in the underlying cause of action, *Glen Sutherland v. Raymond C. Caballero,* Cause No. 84–7958, pending on the docket of the 120th District Court of El Paso County. Relator brought a malpractice action against his former attorney, Raymond Caballero, alleging negligence in the representation afforded in a federal criminal prosecution of the Relator. Relator served the defendant with four sets of requested admissions on May 7, June 11, July 23 and October 17, 1985, under the provisions of Rule 169, Tex.R.Civ.P. (Vernon Supp.1985). A total of 338 admissions were requested. The defendant did not admit, deny or challenge the requests within thirty days of service. On February 21, 1986, the defendant filed a Motion for Protective Order alleging that the requests for admissions constituted an abuse of the discovery process. On March 5, 1986, he filed a Motion to Strike Request for Admissions and Motion to Withdraw, citing Rule 169. A hearing was conducted on March 21, 1986, culminating in the Respondent's order of March 21, 1986. In said order, Respondent found that there was an equitable basis for withdrawal of the deemed admissions, that the requests were burdensome and harassing, that withdrawal would not prejudice the maintenance of Relator's cause of action and that the merits of the cause of action would be subserved by the withdrawal.

Rule 169 provides that admissions will be deemed made if a proper request is

not responded to within thirty days of service. The other party may, of course, take preemptive action by seeking a protective order within the time to answer. Subsection 2 of the rule provides that any matter actually admitted or deemed admitted conclusively establishes the factual matter involved *unless* the court on motion permits withdrawal. Thus, the mere fact that preemptive action by the nonresponding party was not taken does not preclude the trial court's further evaluation of the propriety of accepting deemed admissions.

■ The Respondent's order makes findings required under subsection 2 of Rule 169 as a basis for withdrawal of the deemed admissions. In such matters, the trial court is accorded wide latitude in dealing with deemed admissions. *Mathes v. Kelton*, 565 S.W.2d 78, 81–82 (Tex.Civ.App. —Amarillo 1977), affirmed, 569 S.W.2d 876 (Tex.1978). The decision of the trial judge will be overturned only upon a showing of a clear abuse of discretion. *Taylor v. Lewis*, 553 S.W.2d 153, 160 (Tex.Civ.App.— Amarillo 1977, writ ref'd n.r.e.). This is true whether the decision is to accept the deemed admissions, as in *Henke Grain Company v. Keenan*, 658 S.W.2d 343, 347 (Tex.App.—Corpus Christi 1983, no writ), or to permit their withdrawal as in *Taylor*, supra. *Texas Employers' Insurance Association v. Bragg*, 670 S.W.2d 712, 715 (Tex. App.—Corpus Christi 1984, writ ref'd n.r. e.).

■ We have reviewed the 338 admissions requested in this case, as well as the order of the trial court. We conclude that the record does not disclose an issue for which there is no adequate remedy at law. This is a prerequisite for the granting of extraordinary mandamus relief. Traditionally, mandamus was available as a remedy for abuse of discretion in granting discovery but not where discovery was denied. See e.g., *Warford v. Beard*, 653 S.W.2d 908, 910, n. 3 (Tex.App.—Amarillo 1983, no writ); *Warford v. Childers*, 642 S.W.2d 63, 65 (Tex.App.—Amarillo 1982, no writ). We recognize that mandamus relief has gradually been expanded to denials of dis-

covery. *Allen v. Humphreys*, 559 S.W.2d 798 (Tex.1977); *Barker v. Dunham*, 551 S.W.2d 41 (Tex.1977). In another such case, *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984), the Supreme Court noted that neither *Allen* nor *Barker* addressed the adequate remedy at law requirement. In *Jampole*, the Court declined to dispense with such requirement or presume harm. Instead, the Court suggested two situations in which the improper denial of discovery might not be subject to an adequate remedy by way of appeal. First:

> The trial court's action in this case effectively prevents Jampole from proving the material allegations of his lawsuit. On appeal, it is unlikely he would be able to show that the trial court's errors were harmful under the standard set out in Rules 434 and 503. Tex.R.Civ.P. 434, 503. Because the evidence exempted from discovery would not appear in the record, the appellate courts would find it impossible to determine whether denying the discovery was harmful.

*Jampole* at 576. Secondly:

> Moreover, requiring a party to try his lawsuit, debilitated by the denial of proper discovery, only to have that lawsuit rendered a certain nullity on appeal, falls well short of a remedy by appeal that is "equally convenient, beneficial, and effective as mandamus."

*Id.* See also: *Lindsey v. O'Neill*, 689 S.W.2d 400 (Tex.1985). Neither situation is presented in the case before us. *Jampole* involved a restriction on discovery by interrogatories and requests for production of records; *Lindsey*, a restriction on deposition. The case before us involves requests for admissions.

"Discovery" encompasses rules serving two distinct functions: (1) investigation and evidentiary development of a cause of action and (2) the identification and narrowing of issues to those truly contested for greater efficiency, clarity and economy at trial. Generally speaking, interrogatories, depositions and requests for production are aimed at the first purpose, while requests for admissions serve the latter function.

We realize this is not an absolute division and that all forms of discovery may, in a given case, be used to accomplish either or both purposes. In this case, however, the generalization holds true. This is significant because the inadequacy of appellate relief identified in *Jampole* and *Lindsey* will primarily apply where the trial court's clear abuse of discretion in denial of discovery affects the investigative or evidentiary development of a case, unfairly foredooming the suit to an adverse verdict but predictable reversal or generating a record inadequate for full appellate review. Where the discovery issue involves a request for admissions designed solely to simplify the trial proceeding, the only injury is in possible loss of time and money caused by the improper action taken towards the pretrial requests and caused by the supposed increased trial time. In this case, the same evidence is available for presentation to the trier of fact and review by the appellate court. There is no indication of likelihood of a different trial result or handicap to appellate review. The requests for admissions deal almost exclusively with what does or does not appear in the record of Relator's federal criminal prosecution, by way of examination, cross-examination, objection, evidentiary proffer and final argument.

If Relator is correct in his assertion that the trial court clearly abused its discretion, the only loss is in time and money. An adequate remedy is available to him prior to trial, subsequent to trial and on appeal by way of money damages for this injury. At this stage of the proceeding, Relator may seek damage sanctions under Sections 2 and 3 of Tex.R.Civ.P., Rule 215. No such relief has been sought. After verdict but prior to entry of judgment, he may seek relief under Section 4c of the same rule. In short, the type of injury which Relator may have sustained is fully ascertainable and compensable by resort to legal remedy, as opposed to extraordinary mandamus relief. In this particular case, the propriety of the trial court's ruling may also be better judged from a post-trial perspective.

Accordingly, the Relator's petition for relief is hereby denied.

STEPHEN F. PRESLAR, C.J., Ret., not sitting.