ESSEX CRANE RENTAL
CORPORATION, Relator,

v.

Honorable Oliver S.
KITZMAN, Respondent.

No. 01–86–0840–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 30, 1986.

Maurice Bresenhan, Jr., Campbell, Athey, Zukowski & Bresenhan, Houston, for relator.

Terri Lynn Barziza, Kain & Reedy, Houston, for respondent.

Before DUGGAN, LEVY and HOYT, JJ.

OPINION

DUGGAN, Justice.

Relator seeks a writ of mandamus to compel respondent to set aside its order quashing the deposition of Mr. J.T. Butters. We conditionally grant the writ.

Essex Crane Rental Corporation ("Essex") filed the underlying suit in the 155th District Court of Waller County against Dreco, Inc. ("Dreco") for breach of a lease agreement. The dispute arose when a crane under lease to Dreco was damaged while in operation. The controversy of the lawsuit, in part, concerns whether the crane was in disrepair when leased to Dreco or whether Dreco's negligent operation of the crane caused the damage. The accident occurred on November 12, 1985, and suit was filed May 30, 1986. Essex gave notice of its intention to depose Mr. J.T. Butters, and Dreco, in the form of an answer to interrogatories, stated that J.T. Butters had been informally consulted and retained as a consulting expert. Dreco fur-

ther stated that Butters would not testify and that his work product would not be used as a basis for the opinions of its testifying expert witness. After a hearing, respondent granted Dreco's motion to quash the deposition of Butters.

▋ The writ of mandamus is proper when the trial court has clearly abused its discretion in denying discovery of properly discoverable information and the party denied discovery does not have an adequate remedy by appeal. *Jampole v. Touchy*, 673 S.W.2d 569 (Tex.1984); *Havens v. Lee*, 694 S.W.2d 1 (Tex.App.—Houston [1st Dist.] 1984, no writ). Here, the question is whether the respondent clearly abused his discretion in quashing the deposition of Butters.

Rule 166b was promulgated in an effort to combine all scope of discovery concepts into one rule. *Terry v. Lawrence*, 700 S.W.2d 912 (Tex.1985). The sections of rule 166b pertinent to this case are as follows:

2. Scope of Discovery....

....

d. Potential Parties and Witnesses. A party may obtain discovery of the identity and location ... of any potential party and of persons having knowledge of relevant facts. A person has knowledge of relevant facts when he or she has or may have knowledge of any discoverable matter....

3. Exemptions. The following matters are not discoverable:

....

c. the identity, mental impressions and opinions of an *expert who has been informally consulted or of an expert who has been retained or specially employed* by another party *in anticipation of litigation* or preparation for trial or any documents or tangible things containing such information if the expert will not be called as a witness, except that the identity, mental impressions and opinions of an expert who will not be called to testify and any documents or tangible things containing such impressions and opin-

ions are discoverable if the expert's work product forms a basis either in whole or in part of the opinions of an expert who will be called as a witness;

....

Nothing in this paragraph 3 shall be construed to render non-discoverable the identity and location of any potential party, any person having knowledge of relevant facts, any expert who is expected to be called as a witness in the action, or of any consulting expert whose opinions or impressions have been relied upon by a testifying expert.

(Emphasis added.)

▋ The only issue before us is whether rule 166b, section 3.c. requires a showing that an expert was retained in anticipation of litigation in order to claim the exemption under that subsection, when he will not be called as a witness and the expert who is called as a witness will not base his opinion on the work product of that expert. We hold that such proof is required by the rule.

Relator argues that Butters' deposition was improperly quashed because Dreco failed to meet its burden of showing that Butters was retained "in anticipation of litigation." Relator also asserts that Butters is a fact witness and that his observations are, therefore, discoverable.

Dreco responds that by designating Butters as a consulting expert who will not testify, and whose work product does not form the basis of its expert witness' opinion, that rule 166b 3.c. renders his factual observations, mental impressions, and observations non-discoverable. Dreco insists that under such circumstances, there is no additional requirement that it be shown that the expert was retained in anticipation of litigation.

Dreco premises this argument on the theory that rule 166b 3.c. classifies experts into four distinct categories: 1) testifying experts; 2) non-testifying experts; 3) consulting experts; and 4) specially retained experts. Dreco argues that the consulting expert's work product is not discoverable because the testifying expert is not basing

his opinion on that expert's work, and that the non-testifying expert's work product is discoverable because the testifying expert is basing his opinion, in whole or in part, on that expert's work.

However, Dreco cites us to no authority in support of its theory, and we find none. Moreover, the Texas Supreme Court has construed the exemption paragraph regarding non-testifying experts in the mandamus case of *Lindsey v. O'Neill*, 689 S.W.2d 400 (Tex.1985). There, the court held:

> Subsection 3c of Tex.R.Civ.P. 166b exempts from discovery the mental impressions and opinions of an expert retained or specially employed in anticipation of litigation or preparation for trial if the expert will not be called as a witness and the expert's work product does not form the basis, either in whole or in part, of the opinions of experts who will testify.

*Id.* at 402. In stronger language, the court concluded:

> No provision exists in the Texas Rules of Civil Procedure exempting the mental impressions and opinions of experts from discovery when these mental impressions and opinions were neither acquired nor developed in anticipation of litigation.

*Id.*

The court has considered the meaning of the phrase "in anticipation of litigation" with regard to subsection (c) in *Turbodyne Corp. v. Heard*, 720 S.W.2d 802 (Tex.1986). That case involved a subrogation claim by Travelers Insurance against a manufacturer after an explosion at a refinery. Travelers initiated an investigation into the causes and damages of the accident. Travelers' affidavits stated that its experts were employed to investigate the accident and that immediately after the accident there was good cause to believe a subrogation suit would be filed. The trial court had denied discovery of Travelers' documents, and the appellate court denied mandamus relief. *Turbodyne Corp. v. Heard*, 698 S.W.2d 703 (Tex.App.—Houston [14th Dist.] 1985). The supreme court, however, citing *Lindsey*, ruled that Travelers had not sustained its burden to prove

that the evidence was acquired or developed in anticipation of litigation, and granted mandamus relief. There, the court reiterated that the mere fact that an accident has occurred is not sufficient to clothe all post-accident investigation with privilege. *Turbodyne*, at 804; *Stringer v. The Eleventh Court of Appeals*, 720 S.W.2d 801 (Tex.1986).

Another appellate court has held that the identity and records of a medical expert, hired for a purpose other than as a trial consultant, are not protected from discovery. *Teran v. Longoria*, 703 S.W.2d 300 (Tex.App.—Corpus Christi 1985, no writ). There, the trial court had compelled discovery of the identity and records of a physician from whom the relator had sought treatment. Although the relator had contended that the identity and records of the physician were protected from discovery because he was a consulting expert, the appellate court found no abuse of discretion in the trial court's order because the relator did not show that the physician was a trial consultant.

Here, Dreco has made no showing that Butters was retained in anticipation of litigation or in preparation for trial. It is the burden of the party resisting discovery to produce evidence substantiating the claim of privilege or exclusion. *Weisel Enterprises v. Curry*, 718 S.W.2d 56 (Tex. 1986); *Giffin v. Smith*, 688 S.W.2d 112 (Tex.1985).

The statement of facts reflects that Butters conducted an investigation of this accident on behalf of the defendant shortly after this accident occurred. Counsel for Dreco stated that Butters had "been retained formally as a consulting expert."

Whether Butters was "informally consulted," or whether he was "retained" or "specially employed"—in the language of subsection 3.c.—is of no consequence under the rule. The mental impressions and opinions of all such non-testifying experts must have been acquired or developed in anticipation of litigation or in preparation for trial in order to be exempt from discovery. *Lindsey*, 689 S.W.2d at 402. We hold that

the mental impressions and opinions of Butters are not exempt from discovery because Dreco has made no showing that those mental impressions and opinions were acquired or developed in anticipation of litigation.

Because the trial court's order quashing the deposition conflicts with rule 166b 3.c., we grant the requested relief. We are confident that the trial court will comply with our decision, and a writ of mandamus will issue only if it fails to do so.