

**NUMBER 13-07-607-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

**IN RE: ULYSSES SANCHEZ**

**On Petition for Writ of Mandamus**

# O P I N I O N

**Before Justices Yañez, Rodriguez and Benavides**
**Opinion by Justice Benavides**

Relator, Ulysses Sanchez, requests this Court to issue a writ of mandamus ordering the Respondent, the Honorable Homer Salinas,[1] to reverse his order denying Sanchez's motion to dismiss for *Brady*[2] violations. Finding Sanchez has an adequate remedy by ordinary appeal, we deny Sanchez's petition.

---

[1] The Honorable Homer Salinas is the presiding judge of the Criminal Auxiliary Court A, sitting for the 93rd District Court of Hidalgo County, Texas.

[2] *See Brady v. Maryland*, 373 U.S. 83, 86-91 (1963).

## I. Background

On February 13, 2007, gunfire occurred outside Sanchez's home. It is undisputed that Sanchez fired upon a vehicle containing five students, four of whom were self-identified as gang-members. Samuel Mendez was the driver of the vehicle. Immediately following the shooting, Mendez drove to the Pharr Police Department. At the department, the front-seat passenger was pronounced dead from a gunshot wound to the head, and two back-seat passengers were examined and found to have gunshot wounds.

While the occupants of the vehicle were at the police station, Sanchez was being detained by an officer conducting an investigation at the scene of the shooting. Based on radio communications, the officer arrested Sanchez and transported him to the police station, where he was identified by the surviving occupants of the vehicle. Sanchez claims that the vehicle's occupants possessed firearms and fired first. He claims that he fired in self-defense.

Police secured the vehicle, which was immediately processed by crime-scene technicians. The technicians collected blood samples and a bullet "slug" and took over 100 photos of the vehicle. The technicians then released the vehicle to the Pharr Police Department.

The Police Department impounded the vehicle. Two days later, on February 15, department officials released the car to Dulce Amelia Mendez. It was reported that Mendez was the mother of the driver. However, according to her driver's license, Mendez is only seven years older than the driver of the vehicle, Samuel Mendez.[3]

---

[3] Dulce A. Mendez presented her driver's license, which has the same address as that of Josefina Mendez, presumptive owner of the vehicle. Dulce Mendez signed the property release form for the vehicle, acting as agent of the owner. The Pharr police did not completely fill out the form, particularly the name of

Sanchez's family retained attorney William Maxwell on or about February 20. That same day, Maxwell contacted the Pharr Police Department, requesting to see the vehicle and have it made available for testing. In what can only be described as a repeated "failure to communicate," the Pharr Police Department misinformed Sanchez's counsel, as well as the prosecutors, about the location of the vehicle. The department reported the car had been sent for forensic testing, when, in fact, it had been released to Mendez five days earlier. The car was subsequently repossessed for nonpayment and is evidently no longer available for the defense to examine.

On May 1, 2007, Sanchez was indicted for one count of murder and four counts of attempted murder. Sanchez moved to dismiss the case under *Brady* because the State had failed to produce the vehicle and the clothing worn by the vehicle's occupants. The trial court held hearings on September 10, 2007 and October 1, 2007. The trial court denied the motion to dismiss, finding that it "attribute[d] no fault to the State for [the release of the vehicle] occurring." On October 9, 2007, Sanchez filed a petition for writ of mandamus and a motion for an emergency stay of the proceedings below. On October 10, 2007, we granted Sanchez's motion for an emergency stay and requested a response from the State.

## II. Discussion

To establish an entitlement to mandamus relief in the criminal context, the relator must show: (1) there is no other adequate remedy at law; and (2) the act the relator seeks to compel is ministerial, rather than discretionary. *Dickens v. Second Court of Appeals*, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987). Sanchez argues that his remedy by appeal

the owner of the vehicle.

3

is inadequate because the discovery of the crime scene vehicle goes to the heart of his case, citing civil cases from the Texas Supreme Court. *See In re Allstate County Mut. Ins. Co.*, 85 S.W.3d 193, 196 (Tex. 2002) (orig. proceeding). Sanchez argues that the effect of the trial court's denial of his *Brady* Motion is that evidence from the car obtained by the State may be offered at trial, but he will not be able to adequately address this evidence because he was precluded from examining the car himself.

Sanchez's reliance on Texas Supreme Court authority in the civil context is misplaced—in a criminal case, we are bound to follow the pronouncements of the Texas Court of Criminal Appeals. *Dickens*, 727 S.W.2d at 546 (holding that Texas Court of Criminal Appeals has authority to review, through original mandamus proceeding, mandamus decisions of the courts of appeals in criminal matters); *see Villarreal v. State,* No. 13-05-123-CR, 2008 Tex. App. LEXIS 5132, at *10 (Tex. App.–Corpus Christi July 3, 2008, no pet. h.) (holding court of appeals is duty bound to follow Texas Court of Criminal Appeals decisions in criminal matters).

In *Dickens,* the Texas Court of Criminal Appeals considered whether the court of appeals below improperly granted a mandamus to require the trial court to vacate a pre-trial order denying discovery by the defendant. 727 S.W.2d at 550-52. The court of criminal appeals held that the normal avenue for a defendant to challenge a pre-trial order is through an ordinary appeal. *Id.* at 550. The court expressly rejected the relator's attempted reliance on discovery cases in the civil context, noting that "If this Court allowed mandamus to be substituted for appellate review in discovery situations, the trial of cases would be slowed to a crawl, and eventually, mandamus would be substituted for the

4

appellate process in all pretrial matters." *Id.* at 551. While the court of criminal appeals recognized that in civil cases, mandamus is available to review discovery orders, the court determined that in criminal cases, the need to avoid constant interruption of criminal trials was greater than in the civil context. *Id.* at 551-52 & n.12. Accordingly, the court of criminal appeals held that the court of appeals below improperly issued a writ of mandamus to compel discovery. *Id.* at 552. Sanchez has not cited, nor have we located, any cases that hold differently in the context of an alleged *Brady* violation. In fact, the only case to address this specific issue has recognized that mandamus is not available to review *Brady* determinations. *See Walding v. Ables,* No. 04-95-00361-CV, 1995 WL 612400, at *3 (Tex. App.–San Antonio Oct. 18, 1995, orig. proceeding) (not designated for publication) (explaining that mandamus relief is available to force trial court to review *Brady* material and to make a determination, but not to review decisions made after reviewing the alleged *Brady* material because appellate remedy is adequate).

In this case, we hold that the same principles apply. An objection made timely during trial would allow the court to rule on the admissibility of the State's evidence and preserve Sanchez's right to appeal that ruling, should he choose to do so. *Id.* at 551. In fact, in the pre-trial hearing, the trial court instructed counsel for the defense to make the appropriate objections during the upcoming trial, should the need arise. Should evidence be offered during trial that defense counsel finds objectionable, he can object at that point, potentially preventing the evidence from being admitted, or at the very least, preserving the issue for appeal. Sanchez's appellate remedy will be adequate to review the alleged *Brady* violation.

5

### III. Conclusion

Because Sanchez has not demonstrated that his appellate remedy is inadequate, we deny his petition for writ of mandamus. We lift the stay of the trial court's proceedings previously ordered by this Court.

_____
GINA M. BENAVIDES
Justice

Publish.
*See* TEX. R. APP. P. 47.2(b).

Opinion delivered and filed this
the 21st day of August, 2008.