

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-11-00159-CR

_____

IN RE:   PATRICK JEROID JONES

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Patrick Jeroid Jones has filed a petition for writ of mandamus asking this Court to order the Honorable Bobby Lockhart, presiding judge of the 102nd Judicial District Court of Bowie County, to grant his discovery requests in two underlying criminal proceedings: a conviction in April 2011 wherein he was convicted of tampering with a witness, and a June 2000 conviction for aggravated sexual assault. Jones alleges the trial court has violated his right to due process and his right to a fair trial, along with a claim of a *Brady* violation (failing to disclose exculpatory evidence). *See* U.S. CONST. amends. V, VI, XIV; *Brady v. Maryland*, 373 U.S. 83, 87–88 (1963). In addition, Jones requests this Court to order the "Bowie County District Attorney's denials — Past, Present, and future — of evidence related to Lakeisha DeShun Wilson . . . be ordered to cease as it relates to Relator's post conviction remedies." We take judicial notice that Jones' conviction for tampering with a witness has been appealed to this Court and that this Court has yet to issue an opinion or mandate.[1]

To be entitled to mandamus relief, a relator must show both that he has no adequate remedy at law to redress the alleged harm and that he seeks to compel a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). An act is ministerial

---

[1]*See Jones v. State*, cause number 06-11-00085-CR. This appeal is currently abated to the trial court to either appoint appellate counsel for Jones, who represented himself at trial, or to conduct a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975).

if it constitutes a duty clearly fixed and required by law. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987).

To the extent that Jones is requesting this Court to issue a writ of mandamus to compel an action by the District Attorney of Bowie County, we lack jurisdiction to take such an action. This Court lacks jurisdiction to issue a writ of mandamus against a county attorney or district attorney. *See* TEX. GOV'T CODE ANN. § 22.221 (West 2004).

To the extent Jones is complaining about his conviction for tampering with a witness, Jones has an adequate remedy by appeal. Jones cites several civil cases which hold mandamus relief is available when discovery is denied. *See Allen v. Humpheys*, 559 S.W.2d 798 (Tex. 1977) (orig. proceeding), *overruled by Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992) (orig. proceeding); *Barker v. Dunham*, 551 S.W.2d 41 (Tex. 1977) (orig. proceeding), *overruled by Walker*, 827 S.W.2d at 833; *Sutherland v. Moore*, 716 S.W.2d 119 (Tex. App.—El Paso 1986, orig. proceeding [mand. denied]); *Warford v. Beard*, 653 S.W.2d 908, 910 (Tex. App.—Amarillo 1983, no writ); *Warford v. Childers*, 642 S.W.2d 63, 65 (Tex. App.—Amarillo 1982, no writ). To the extent these cases may support Jones' argument that mandamus relief is available, his reliance on civil cases is misplaced. In a criminal case, we are bound to follow the precedent of the Texas Court of Criminal Appeals. *Dickens v. Court of Appeals For Second Supreme Judicial Dist. of Tex.*, 727 S.W.2d 542, 546 (Tex. Crim. App. 1987) (orig. proceeding).

The Texas Court of Criminal Appeals has held mandamus relief unavailable for orders denying discovery to a defendant because a defendant has an adequate remedy by appeal. *Id.* at 550–52. In *Dickens*, the court noted that "[i]f this Court allowed mandamus to be substituted for appellate review in discovery situations, the trial of cases would be slowed to a crawl, and eventually, mandamus would be substituted for the appellate process in all pretrial matters." *Id.* at 551. This same principle also applies to any alleged *Brady* violations, matters which are likewise reviewable in a direct appeal. *In re Sanchez*, 268 S.W.3d 680, 682 (Tex. App.—Corpus Christi 2008, orig. proceeding). To the extent that Jones' petition makes complaints regarding his conviction for tampering with a witness, the fact that Jones has an adequate remedy by appeal is demonstrated by the fact that the case to which he refers is actually currently on appeal and is pending before this Court. Jones has failed to show that he is entitled to mandamus relief.

To the extent that Jones complains about his conviction in 2000 for aggravated sexual assault, mandamus relief is unavailable. Texas courts have recognized that "the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. art. 11.07." *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2010). The Texas Court of Criminal Appeals has held that a writ of habeas corpus is the exclusive post-conviction remedy. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Jones has not established he is entitled to mandamus relief.

For the reasons stated, we deny Jones' petition for writ of mandamus.

Bailey C. Moseley
Justice

Date Submitted: September 6, 2011
Date Decided: September 7, 2011

Do Not Publish

5