*684 LEANNE JOHNSON, Justice,
dissenting.
I agree that some of the statements on the remainder of the audio recording are “relevant.”[3] And, depending upon the scope and content of the testimony of the witnesses and evidence at trial, one or more of those statements may be exculpatory or impeachment evidence in the trial because the excluded portion of the audio recording appears to specifically contain conversations between one or more witnesses about the underlying alleged Hartman incident. But, I cannot agree with the majority regarding its result because the facts simply are not ripe for mandamus review at this time. Additionally, it is premature to enter a ruling, at this stage, regarding the “exculpatory” nature of the remaining portion of the audio recording because we do not yet know what the evidence will be and if such statements will indeed be admissible and material to the defense.
The record indicates the trial court conducted an in-camera inspection of the audio recording; therefore, the trial court now has an ongoing obligation to release the evidence if the information becomes “material to the fairness of the trial” at any time during the proceeding. Pennsylvania v. Ritchie, 480 U.S. 39, 60, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987). Furthermore, if the individuals that are speaking on the audio recording testify at trial, the defendant may then request a copy of any recorded or written statement of that witness in accordance with Texas Rule of Evidence 615. See Tex.R. Evid. 615. The State will also have an ongoing obligation[4] to comply with Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and produce exculpatory evidence (which also includes impeachment evidence) at a meaningful time. The State bears the risk of having the conviction set aside on appeal if the defendant is convicted at trial for the alleged offense, and the non-disclosed audio recording is not produced and it is later determined to have been a Brady violation. To establish a claim under Brady, the defendant must demonstrate that: 1) the State failed to disclose evidence, regardless of the prosecutor’s good or bad faith; 2) the withheld evidence is favorable to the defendant; 3) the evidence is material to the guilt or punishment, which means that there is a reasonable probability that had the evidence been disclosed, the outcome of the trial would have been different; and 4) the evidence is admissible. Ex parte Miles, 359 S.W.3d 647, 665-70 (Tex.Crim.App.2012). For Brady purposes, evidence is “material” if there is a probability that it sufficiently “ ‘undermines confidence in the outcome of the trial.’ ” Id. at 666 (quoting Kyles v. Whitley, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).
Therefore, even if the trial court’s rulings are in error, I cannot agree with the majority opinion which concludes that the trial court’s pretrial discovery ruling was purely “ministerial.” The record lacks sufficient detail for me to make the determination as to whether or not the remainder of the audio recording indisputably contains “favorable evidence” that would be *685 “material.” Furthermore, under the applicable two prong mandamus standard, this Court should not, at this time and in the context of the mandamus record before us, order the trial court to “vacate its order of March 4, 2014... and to issue an order allowing Hartman’s counsel to review the remainder of the relevant portions of the audio recording.” See Majority at p. 688.
In Dickens v. Court of Appeals for the Second Supreme Judicial Dist, 727 S.W.2d 542, 551 (Tex.Crim.App.1987), the Court of Criminal Appeals explained:
We have acknowledged the important purposes of pretrial discovery, “such as the reduction of surprise and the insurance of a fair trial.” Quinones [v. State, 592 S.W.2d 933, 940 (Tex.Crim.App. 1980) ]. We have also observed that the better practice is for the State to allow broad discovery. Id. However, a writ of mandamus should not be used to effectuate that purpose. If this Court allowed mandamus to be substituted for appellate review in discovery situations, the trial of cases would be slowed to a crawl, and eventually, mandamus would be substituted for the appellate process in all pretrial matters.
The Dickens court concluded that the ruling of the trial court was “a discretionary act of a trial judge reviewable only on appeal and, therefore, not a proper subject of a writ of mandamus.” Dickens, 727 S.W.2d at 544, 553; see also In re Carroll, No. 09-12-00343-CR, 2012 WL 4017772, 2012 Tex.App. LEXIS 7787 (TexApp.-Beaumont Sept. 12, 2012, orig. proceeding) (mem. op., not designated for publication) (Although the defendant argued the trial court had no discretion to deny the State’s production of a video recording, the court of appeals cited Dickens and held that the defendant had “not shown that direct appeal would be an inadequate remedy” especially in light of the fact that the State and the defendant had a discovery agreement.); Vanwinkle v. State, No. 02-09-00200-CR, 2010 WL 4261603, 2010 Tex.App. LEXIS 8686 (Tex.App.-Fort Worth Oct. 28, 2010, pet. refd) (mem. op., not designated for publication) (The trial court did not abuse its discretion in denying a request to take a deposition of a non-party for the purpose of obtaining the person’s fingerprints.); In re Sanchez, 268 S.W.3d 680 (Tex.App.-Corpus Christi 2008, orig. proceeding) (The trial court’s decision to deny a defendant’s pretrial discovery request was not reviewable by mandamus even though the defendant argued the discovery related to exculpatory evidence.). Compare In re State ex rel. Weeks, 391 S.W.3d 117, 122, 126 (Tex.Crim.App.2013) (orig. proceeding) (The Court of Criminal Appeals granted mandamus relief to the State to compel the trial court to submit a jury instruction.); Ex parte Miles, 359 S.W.3d at 665-670 (In a post-conviction habeas proceeding, the Court of Criminal Appeals held that .the State’s failure to produce two undisclosed reports that established possible identities of other potential suspects and contained favorable evidence material to the defense violated the defendant’s constitutional right as expressed in Brady.)-, In re Tharp, No. 03-12-00400-CV, 2012 WL 3238812, 2012 Tex.App. LEXIS 6698 (Tex.App.-Austin Aug. 9, 2012, orig. proceeding) (mem. op.) (Trial court’s discovery order in a criminal case required production of “all records [and] documents” and exceeded the scope and range of items the State may be compelled to produce under art. 39.14 of the Texas Code of Criminal Procedure.).
Mandamus relief is only appropriate in a criminal proceeding when the relator sufficiently demonstrates he has no adequate remedy at law and the act sought is purely “ministerial” (i.e., he has a clear right to the relief sought). Weeks, 391 S.W.3d at 122. Based on the record before us at this time, I conclude neither prong of the man *686 damus standard has been met. Accordingly, I respectfully dissent.

. Relevant evidence is any evidence that has a “tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” Tex.R. Evid. 401. A limited portion of the excluded audio recording specifically contains oral statements by court personnel about the alleged Hartman incident, and the statements are therefore "relevant.”

. The State has an affirmative and ongoing obligation to disclose evidence that is favorable to an accused and material to his guilt or punishment. See Brady v. Maryland, 373 U.S. 83, 87-88, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).