**CONDITIONALLY GRANT; and Opinion Filed July 19, 2018.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00734-CV**

## IN RE: TOYOTA MOTOR SALES, U.S.A., INC., AND TOYOTA MOTOR CORPORATION, Relators

**Original Proceeding from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15296**

# MEMORANDUM OPINION

Before Justices Francis, Evans, and Schenck
Opinion by Justice Schenck

In this mandamus proceeding, relators, Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Corporation (collectively, "Toyota") seek relief from the trial court's June 25, 2018 Second Amended Order on Plaintiffs' Motion to Compel (the "Order") in this products liability case. After reviewing the parties' briefs and the mandamus record, we have determined Toyota is entitled to relief from portions of the Order. We therefore conditionally grant the writ in part and deny it in part.

### BACKGROUND

In the underlying proceeding, real parties in interest, Benjamin and Kristi Reavis, individually and as next friends of their two minor children, allege Toyota defectively designed front seats that are susceptible to failure in rear-impact collisions. The rear-end collision occurred while the Reavises were traveling in their 2002 Lexus ES300. The Reavises claim that upon

impact the vehicle's front seats, which were occupied by Benjamin and Kristi, failed with the result that the seatbacks collapsed into the back seat, striking their minor children with force sufficient to cause skull fractures and traumatic brain injuries, among other severe and permanent injuries.

After initial discovery was propounded and responded to, the Reavises asked the trial court to overrule Toyota's objections to their discovery requests and order Toyota to supplement its discovery responses. On November 2, 2017, the trial court entered an order (the "November discovery order") overruling various objections of Toyota, defining the scope of discovery, and ordering Toyota to diligently search for and produce documents relating to front seats and restraint systems, seatback failures, and vehicle crash-worthiness in rear collisions for the "relevant class of vehicles," defined as 1997-2001 model year U.S.-bound Lexus ES300, 2002-2006 model year U.S.-bound Lexus ES300/ES330, and 2007-2012 U.S.-bound Lexus ES350. Toyota filed a petition for writ of mandamus seeking relief from that order. We denied Toyota's request. *See In re Toyota Motor Corp.*, No. 05-17-01293-CV, 2017 WL 5589602, at *1 (Tex. App.—Dallas Nov. 21, 2017, orig. proceeding).

Thereafter, the Reavises filed a motion to compel, claiming Toyota failed to reasonably search its electronic information systems for documents as required by the November discovery order. The trial court held hearings on the motion on February 5 and March 1, 2018. On March 5, the trial court entered an order requiring Toyota to prepare and tender for deposition one or more corporate representatives to testify about "Toyota Motor Corporation and/or its subsidiaries[']" information systems and requiring the parties to discuss a search protocol and jointly produce a plan for conducting searches for information responsive to the court's November discovery order. Toyota did not seek mandamus relief from that order.

Pursuant to the March 5 order, the Reavises deposed Toyota employees concerning the company's electronic information systems. The Reavises were dissatisfied with the information

they received and went back to the trial court with another motion to compel seeking further depositions and a protocol governing further discovery, as the parties had failed to develop a joint plan. On May 4, 2018, the trial court signed an order granting Plaintiffs' Motion to Compel, ordering, in part, that Toyota disclose information concerning its databases and technical library, and setting forth a comprehensive protocol for search queries. Toyota filed a petition for writ of mandamus seeking relief from that order. We conditionally granted Toyota partial mandamus relief and ordered the trial court to vacate certain portions of the May 4 order.[1] *See In re Toyota Motor Corp.*, No. 05-18-00582-CV, 2018 WL 2979855 (Tex. App.—Dallas June 14, 2018, orig. proceeding).

On June 19, 2018, the trial court entered an Amended Order that included a provision we had ordered vacated.[2] On June 22, we notified the trial court of the issue, and on June 25, the trial court entered a Second Amended Order in order to comply with our June 14 order. In the Second Amended Order, the trial court added disclosure provisions the trial court apparently believed cured the problems with the May 4 order.

Toyota now seeks relief from the June 25 Order claiming it exceeds the bounds of permissible discovery by imposing a burden on Toyota to produce documents that are irrelevant and disproportionate to the needs of this case. The Reavises urge that Toyota cannot show where it preserved its disproportionate and undue burden objections. We examined the record to determine whether Toyota raised the issues in the trial court, as Toyota's briefing does not respond to the waiver point and the rules of appellate procedure do not require a party to identify where it

---

[1] More particularly, we ordered the trial court to "vacate the second sentence in paragraph 1.b. [which presumed that the Reavises' proposed search queries would be used without narrowing the queries to the "relevant class of vehicles" or limiting the time period] and the entirety of paragraph 2 [which required Toyota to provide to the Reavises the entire result of every search and access to the substantive contents of any responsive documents] of the protocol incorporated into its May 4, 2018 Order ("Order"), and the portions of the Order that require relators: (1) to produce a table of contents identifying the folders and subfolders of the enumerated databases and that require Toyota to produce an index, ledger, bibliography, or other compilation of information by which the papers that are maintained in Toyota's technical library can be identified; and (2) to identify all engineers who have had any responsibility related to designing or testing vehicles, seats or restraint systems."

[2] The amended order included paragraph 2 of the protocol that we had ordered the trial court to vacate.

preserved its argument,. *See* TEX. R. APP. P. 33.1. Having done so, we conclude Toyota sufficiently presented its concerns to the trial court, with the exception of Toyota's complaint concerning the search, which is premature as detailed hereafter.[3]

## AVAILABILITY OF MANDAMUS REVIEW

Mandamus is an extraordinary remedy that is available only in limited circumstances. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). Mandamus relief is available when the trial court abuses its discretion and there is no adequate remedy by appeal. *In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam).

"Generally, the scope of discovery is within the trial court's discretion, but the trial court must make an effort to impose reasonable discovery limits." *Id.* (quoting *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam)). An order that compels discovery well outside the bounds of proper discovery is an abuse of discretion. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam).

Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of costs and benefits of interlocutory review. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). If an appellate court cannot remedy a trial court's discovery error on appeal from final judgment, then an adequate appellate remedy does not exist. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding). An appellate court may not be able to cure a trial court's error, and a party would have no adequate remedy by appeal if it is forced to disclose "patently irrelevant" information or imposes a burden on the producing party far out of proportion to any benefit that may obtain to the requesting party. *Walker*, 827 S.W.2d at 842.

---

[3] *See Motor Vehicle Bd. of Tex. Dept. of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.*, 1 S.W.3d 108, 112 (Tex. 1999).

## DISCUSSION

Generally, discovery is permitted into any matter, not privileged, that is relevant to the subject matter and is "reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 166b(2)(a); *see also Lindsey v. O'Neill*, 689 S.W.2d 400, 402 (Tex. 1985) (orig. proceeding) (per curiam). This broad grant, however, is limited by the legitimate interests of the opposing party to avoid overly broad requests, harassment, or disclosure of privileged information in keeping with the understanding that discovery is a means to an end, rather than an end in itself. *Jampole v. Touchy*, 673 S.W.2d 569, 573 (Tex. 1984) (orig. proceeding). Discovery, even of potentially relevant or admissible evidence, may not be used as a fishing expedition. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996). Rather, requests must be "reasonably" tailored to include only matters relevant to the case and must be limited to the relevant time. *See Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 815 (Tex. 1995); *In re Zeller*, 6 S.W.3d 618, 626 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). In a products liability case, discovery should be tied "to the particular products the plaintiffs claim to have used." *In re American Optical Corp.*, 988 S.W.2d 711, 712 (Tex. 1998) (orig. proceeding). A discovery order is overbroad if it could have been more narrowly tailored to avoid including superfluous information. *See CSX Corp.*, 124 S.W.3d at 153. A discovery order places a disproportionate burden on the producing party if the effort or expense of the discovery likely outweighs its benefit. *See* TEX. R. CIV. P. 192.4; *In re State Farm Lloyds*, 520 S.W.3d 595, 605 (Tex. 2017) (orig. proceeding). Where, or to the extent, the request is likely to yield information of negligible, nonexistent, or merely speculative probative value, the expense attendant to it is undue. *See State Farm Lloyds*, 520 S.W.3d at 608. In such circumstances, quantifying or estimating time and expenses would not be critical, as it may be when benefits clearly exist. *Id.*

Toyota urges the trial court abused its discretion in ordering it to provide to the Reavises "any existing documents which details, describes, or identifies the folders and sub-folders [within various database folder structures] that relate to Toyota vehicles built on the same platform as Plaintiff's Lexus, the platforms immediately before and after that system, or any other Toyota vehicles which utilize the same seating and restraint system that was deployed in that platform," because it is not tied to the particular products at issue in this case—driver and right front passenger seats, seatbelts, and rear-end crashworthiness of the 2002 Lexus ES 300 and requires the production of documents identifying irrelevant folders and sub-folders. As to Toyota's contention the relevant class of vehicles should be limited to the 2002 Lexus ES 300, we have previously denied Toyota's petition concerning the scope of the November discovery order, which defined the relevant class of vehicles to include 1997-2001 model year U.S.-bound Lexus ES300, 2002-2006 model year U.S.-bound Lexus ES300/ES330, and 2007-2012 U.S.-bound Lexus ES350, and we will not further revisit this argument here. *See Toyota Motor*, 2017 WL 5589602, at \*1.

As to Toyota's contention that, as written, the trial court's Order will require Toyota to produce documents identifying many irrelevant folders and sub-folders, we agree. As written, the Order requires the production of documents concerning all design aspects of the relevant class of vehicles. It is not limited to the scope of the November discovery order which required the production of documents relating to seatback failures, restraint systems, and vehicle crash-worthiness in rear collisions for the "relevant class of vehicles." As written, the Order will require Toyota to identify many irrelevant folders and sub-folders, such as folders concerning fuel lines, engines, wheels, and other aspects of design that have no bearing on the alleged injury-causing defect. The benefit of producing such information is nonexistent. The expense attending the requirement is undue. *See State Farm Lloyds*, 520 S.W.3d at 608.

Toyota contends there are similar problems with the Order with respect to the MIK investigation reports, the index or ledger for the technical library, the report tracking number system and the SMART teams. We agree. The Order as to production of this information, like the production of folder and sub-folder information, contains a limiting phrase tethered to the "relevant class of vehicles" but it does not limit the scope of production to the design aspects at issue in this case.

The Order should have been limited to folders and sub-folders, portions of the MIK investigation reports, the index or ledger for the technical library, the report tracking number system and the SMART teams that concern the design aspects at issue in this case in addition to being tethered to the "relevant class of vehicles." We would abuse our discretion, however, if we modified the discovery request and directed compliance as modified. *See In re Master Flo*, 485 S.W.3d 207, 214 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding). We therefore direct the trial court to vacate the portions of the Order that require Toyota to produce: (1) documents identifying the folders and subfolders of the enumerated databases; (2) documents identifying the titles or subject matter of the design investigation reports within MIK; (3) an index, ledger, bibliography, or other compilation of information by which the papers that are maintained in Toyota's technical library can be identified; (4) a listing of tracking numbers; and (5) a listing or descriptions of the SMART teams.

Toyota also contends the trial court abused its discretion in requiring it to identify all engineers who have had responsibility for designing seats, seating systems, or seating restraint systems relating to the "relevant class of vehicles." We disagree. This requirement is limited to the scope of the November discovery order.

To the extent Toyota complains about the Reavises' role in coordinating the search protocol, we reject its complaint as contrary to *Weekley Homes*. *In re Weekley Homes*, 295 S.W.3d

309, 317 (Tex. 2005) (orig. proceeding).  As we stated in our last opinion, we disagree with the Fourteenth District Court of Appeals' decision in *Master Flo* insofar as it would treat inclusion of the requesting party's search terms as tantamount to allowing "direct access" in light of the Supreme Court's guidance in *Weekley Homes*.  *Master Flo*, 485 S.W.3d at 220.   To the extent Toyota complains about the extent and effect of a presumption concerning the search logic and terms, the presumption in the Order at issue is conditioned on the search query being reasonably calculated to lead to the discovery of admissible evidence within the scope of the November discovery order.  More to the point, the Order first requires the parties to negotiate search queries in good faith and, thereafter, allows Toyota to seek an order from the trial court limiting the scope of the search, by, for instance, modifying the search terms.  At this juncture, Toyota has not approached the trial court seeking to establish the presence of an improper search query in accordance the Order's directive to bring such issues to the court's attention.  Consequently, this complaint is premature and will not be addressed further.

## CONCLUSION

We conditionally grant Toyota partial mandamus relief.  A writ will issue only in the event the trial court fails to vacate the portions of the Order as directed herein within fifteen days of the date of this opinion.  Because we assume the trial court will comply with this opinion, we direct our clerk not to issue the writ of mandamus unless information is received that the district court has not so complied.  We deny Toyota's petition for writ of mandamus on its arguments concerning the identification of engineers and the conditional presumption that the Reavises' search queries will be used.  We lift the stay issued by this Court on June 27, 2018.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

180734F.P05

–8–